947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curt E. STERN; Plaintiff-Appellant,
Hildegard Stern, Plaintiff,
v.
WHITLATCH AND COMPANY; William C. Whitlatch, Defendants-Appellees.
 No. 91-3352.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1991.
 
 Before KEITH, DAVID A. NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 Curt E. Stern appeals the district court's order granting the defendants' motion to dismiss this case. The plaintiffs filed this case in district court alleging breach of a written contract by the defendants to build a condominium in Twinsburg, Ohio, and presenting other claims related to the defendants' efforts to collect from the plaintiffs an alleged debt of $3,000 owing on the condominium. The jurisdictional basis for the case is diversity of citizenship. 28 U.S.C. § 1332(a). Moreover, the amount in controversy surrounding the Sterns' claims exceeded the requisite sum of $50,000. 28 U.S.C. § 1332(b). Both parties have waived oral argument in this case. Stern also moves this court to order sanctions against the defendants' attorney for designating certain documents to be included in the joint appendix, which documents the plaintiff insists were designated only to "harass" the Sterns.
 
 
 2
 The district court, while recognizing that federal courts have an "unflagging obligation" to exercise jurisdiction given to them, determined that the circumstances of this case permitted the court to abstain from deciding this federal diversity action due to the presence of a concurrent state proceeding. Colorado River Water Cons. Dist. v. United States, 424 U.S. 800 (1976). After a de novo review of the district court decision, this court concludes that the district court appropriately dismissed the case, for the reasons stated by that court in its opinion filed April 5, 1991. Heitmanis v. Austin, 899 F.2d 521, 527-28 (6th Cir.1990). The record shows that the district court properly considered the five factors in deciding whether to dismiss this federal claim in deference to a parallel, state court proceeding, as required under Colorado River, and as reaffirmed in Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15-16 (1983). See also Crawley v. Hamilton County Comm'rs, 744 F.2d 28, 31 (6th Cir.1984). In addition, this court concludes that the defendants did not "unreasonably or vexatiously increase the costs of litigation through the inclusion of unnecessary material" in the appendix, so that sanctions would be justified. Fed.R.App.P. 30(b); Rule 11(1), Rules of the Sixth Circuit.
 
 
 3
 Accordingly, the appellant's motion to impose sanctions is denied, and the district court order granting the defendants' motion to dismiss is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.