Jack J. GRYNBERG, individually, and Jack J. Grynberg, d/b/a Grynberg Petroleum Company, Plaintiffs–Appellants,

v.

Owen R. PHILLIPS, Defendant–Appellee.

No. 05CA1149.

Colorado Court of Appeals, Div. III.

Oct. 19, 2006.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

Michael W. Coriden, Greenwood Village, Colorado, for Plaintiffs–Appellants.

Preeo, Silverman, Green & Egle, P.C., Jersey M. Green, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge FURMAN.

Plaintiffs, Jack J. Grynberg, individually, and Jack J. Grynberg d/b/a Grynberg Petroleum Company (collectively Grynberg), appeal the judgment dismissing a breach of contract claim against defendant, Owen R. Phillips. We affirm.

## I. Background

This is one of several actions between the parties arising from a contract providing for Phillips's expert services in an unrelated lawsuit.

Phillips filed a lawsuit against Grynberg in Wyoming state court, asserting, among others, a claim for breach of contract based on Grynberg's alleged failure to pay his expert fees.

While the Wyoming action was pending, and before responding to the complaint, Grynberg filed a lawsuit against Phillips in Arapahoe County, asserting claims for breach of contract, unauthorized release of attorney work product, and conversion. That case was dismissed for lack of in personam jurisdiction over Phillips.

Grynberg then filed a counterclaim for breach of contract in the Wyoming action.

All other claims in the Wyoming action were eventually resolved, and, on Grynberg's own motion, the counterclaim was dismissed without prejudice.

Grynberg subsequently filed the present lawsuit against Phillips in the Denver District Court, asserting claims for unauthorized release of attorney work product and conversion, and reasserting the claim for breach of contract. Phillips answered and filed counterclaims against Grynberg for fraud and misrepresentation.

The parties filed various motions seeking dismissal of the other party's respective claims or counterclaims. The trial court dismissed Phillips's counterclaims and Grynberg's claims for conversion, unauthorized release of attorney work product, and Grynberg's breach of contract claim.

Relying on *SSMC, Inc., N.V. v. Steffen,* 102 F.3d 704 (4th Cir.1996), the trial court found that Grynberg's breach of contract claim was a compulsory counterclaim in the Wyoming action and that the Wyoming court's dismissal, with or without prejudice, bars relitigation of that claim in this action. This appeal followed.

## II. Compulsory Counterclaim

Grynberg contends that the trial court erred in dismissing the breach of contract claim with prejudice. We disagree.

### A. Effect of Compulsory Counterclaim

■ Grynberg first contends that the trial court erred in granting Phillips's motion to dismiss on the basis that the contract claim constituted a compulsory counterclaim in the Wyoming action. We disagree.

We review de novo the grant of a motion to dismiss, *Barnett v. Denver Publ'g Co.,* 36 P.3d 145 (Colo.App.2001), and the trial court's determination that a claim is a compulsory counterclaim. *See Stone v. Dep't of Aviation,* 453 F.3d 1271 (10th Cir.2006).

■ Wyoming R. Civ. P. 13(a) requires that parties state as a counterclaim any claim against any opposing party that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."

A party that fails to present any such claim is barred from raising it in a subsequent action. *Lane Co. v. Busch Dev., Inc.,* 662 P.2d 419 (Wyo.1983).

Colorado's rule has similar language and effect. C.R.C.P. 13(a) provides in relevant part:

A pleading shall state as a counterclaim any claim which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Like Wyoming law, Colorado law recognizes that a party who fails to plead a claim properly classified as a compulsory counterclaim is barred from raising that claim in a subsequent action. *See In re Estate of Krotiuk,* 12 P.3d 302 (Colo.App.2000).

All the claims and the counterclaim in the Wyoming action were based upon a 2002 agreement in which Phillips agreed to perform expert consulting services for Grynberg. The essence of Grynberg's claim was breach of this contract. Phillips's claims were for recovery of money owed on Grynberg's account, breach of contract, and conversion—all based on the same contract for consulting services. Accordingly, because Grynberg's breach of contract claim arose out of the same transaction or occurrence that was the subject of Phillips's Wyoming action, we conclude, as did the trial court, that Grynberg's contract claim constituted a compulsory counterclaim in the Wyoming action. Thus, the trial court properly granted Phillips's motion to dismiss on this basis.

### B. Effect of Dismissal Without Prejudice

■ Grynberg also contends that the Wyoming court's order dismissing the counterclaim without prejudice allowed this action to be brought against Phillips. We disagree.

Wyoming R. Civ. P. 41(a)(2) governs voluntary dismissal by the court and provides:

[With exceptions not relevant here], an action shall not be dismissed at the plaintiff's instance save upon order of the court

and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the counterclaim shall remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Colorado's rule is nearly identical. *See* C.R.C.P. 41(a)(2).

While the failure to bring a compulsory counterclaim bars future relitigation, *see* C.R.C.P. 13(a); *In re Estate of Krotiuk, supra;* Colorado appellate courts have not considered the effect of a voluntary dismissal of a compulsory counterclaim on a subsequent action based on the same claim.

C.R.C.P. 13(a) is almost identical to Fed. R.Civ.P. 13(a). Where, as here, there is no controlling Colorado authority, we may look to federal precedent for guidance in construing the language of the Colorado rule. *See In re Estate of Krotiuk, supra,* 12 P.3d at 305.

In *SSMC, Inc., N.V. v. Steffen, supra,* the United States Court of Appeals for the Fourth Circuit held that the dismissal of a compulsory counterclaim without prejudice had the same effect as a dismissal with prejudice.

In contrast, Arkansas allows a party to refile a compulsory counterclaim that was dismissed without prejudice. *See, e.g., Linn v. NationsBank,* 341 Ark. 57, 14 S.W.3d 500 (2000)(holding that under Ark. R. Civ. P. 41, a defendant may voluntarily dismiss a compulsory counterclaim without prejudice and refile it within one year). However, Arkansas's procedural rules are substantially different from the federal, Colorado, and Wyoming rules, and we decline to follow that state's approach here.

The purpose of C.R.C.P. 13(a) is to require parties to present all their existing claims simultaneously to the court or be forever barred. This prevents a multiplicity of suits arising from one set of circumstances. *See Warshawsky & Co. v. Arcata Nat'l Corp.,* 552 F.2d 1257 (7th Cir.1977). We conclude that the effect of a voluntary dismissal of a counterclaim is similar to the failure to file such a claim. To hold otherwise would allow a defendant, who does not wish to have a compulsory counterclaim litigated in the first action, to defeat the mandatory provisions of C.R.C.P. 13(a) and preserve the counterclaim simply by filing it in the first action and then voluntarily dismissing it without prejudice.

Therefore, we conclude that the trial court did not err in ruling that Grynberg's voluntary dismissal of the compulsory counterclaim in the Wyoming action precluded litigation of that claim in this case. *See SSMC, Inc., N.V. v. Steffen, supra; Stern v. Whitlatch & Co.,* 947 F.2d 946; 1991 WL 227764 (6th Cir.1991).

## III. The Wyoming Court's Order

Grynberg next contends, based on the doctrine of res judicata and the Full Faith and Credit Clause of the United States Constitution, that the Wyoming court's dismissal without prejudice of the counterclaim allows this action against Phillips. We disagree.

### A. Res Judicata

Grynberg contends that, under the doctrine of res judicata, the Wyoming court's dismissal of the counterclaim without prejudice is binding in Colorado. We disagree.

Initially, we note that our supreme court now uses the terms "claim preclusion" and "issue preclusion" instead of "res judicata" and "collateral estoppel." *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth.,* 109 P.3d 604, 608 (Colo.2005).

■ Claim preclusion bars the relitigation of matters that have already been decided, as well as matters that could have been raised in a prior proceeding but were not. *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth., supra.* For this doctrine to be applicable to a prior judgment, the prior judgment must be final. *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth., supra; see also Cruz v. Benine,* 984 P.2d 1173, 1176 (Colo.1999); *S.O.V. v. People in Interest of M.C.,* 914 P.2d 355, 358–59 (Colo.1996).

■ Here, because the Wyoming court dismissed Grynberg's counterclaim without

prejudice, there was no final resolution of the claim, and, thus, the dismissal was not a final judgment. *See FSDW, LLC v. First Nat'l Bank,* 94 P.3d 1260 (Colo.App.2004) (dismissal without prejudice is not "final"); *Sharp Bros. Contracting Co. v. Westvaco Corp.,* 878 P.2d 38, 43 (Colo.App.1994)(dismissal on procedural grounds is not a final judgment and does not give rise to res judicata).

Accordingly, because the order granting Grynberg's motion to dismiss was without prejudice, there was no final judgment, and claim preclusion does not apply. Therefore, the Colorado courts are not bound by the terms of the Wyoming court's dismissal of Grynberg's claim against Phillips. *See McCulloh v. Drake,* 24 P.3d 1162, 1171 (Wyo. 2001) (res judicata requires a final judgment on the merits in a prior action).

### B.  Full Faith and Credit

 Grynberg's final contention is predicated on the Full Faith and Credit Clause of the United States Constitution, U.S. Const. art. IV, § 1. We reject this contention as well.

 Full faith and credit "generally requires every state to give to a judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it." *Durfee v. Duke,* 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186 (1963); *see Marworth, Inc. v. McGuire,* 810 P.2d 653 (Colo.1991); *see also Tarnoff v. Jones,* 17 Ariz.App. 240, 244, 497 P.2d 60, 64 (1972).

 However, the Full Faith and Credit Clause applies only to the final judgments of sister states. *Marworth, Inc. v. McGuire, supra.*

Here, as noted, because the Wyoming court granted without prejudice Grynberg's motion to dismiss the counterclaim, there was no final judgment on the merits in Wyoming, *see McCulloh v. Drake, supra,* and the Full Faith and Credit Clause does not apply.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

### IV.  Attorney Fees

 Because we do not find Grynberg's appeal to be substantially frivolous, groundless, or vexatious, we reject Phillips's request, pursuant to § 13–17–102, C.R.S.2006, and C.A.R. 39.5, for an award of attorney fees incurred in defending against this appeal.

The judgment is affirmed.

Judge TAUBMAN and Judge KAPELKE * concur.