2008 UT 50

**NU–MED USA, INC., Plaintiff and Appellant,**

v.

**4LIFE RESEARCH, L.C., Defendant and Appellee.**

No. 20060505.

Supreme Court of Utah.

July 29, 2008.

Peter H. Christensen, H. Scott Jacobson, Salt Lake City, for plaintiff.

Ryan M. Harris, John A. Pearce, Mark D. Tolman, Salt Lake City, for defendant.

DURHAM, Chief Justice:

¶ 1 In this appeal we are asked to determine whether the district court erred in granting summary judgment to 4Life Research, L.C. (4Life). The district court concluded that Nu–Med USA, Inc.'s (Nu–Med) claims were barred by rule 13 of the Utah Rules of Civil Procedure as compulsory counterclaims that were required to be litigated in prior litigation between the parties. The court also rejected Nu–Med's position that it could refile the claims because they had been voluntarily dismissed without prejudice in the prior litigation. We hold that Nu–Med's claims are not barred by rule 13 and reverse.

## BACKGROUND

¶ 2 In early 2002, 4Life filed a lawsuit against Nu–Med and Paul Ulrich (Ulrich) in the United States District Court for the District of Utah (the federal case). Both Nu–Med and 4Life are network marketing businesses engaged in the sale of various health related products. In the federal case, 4Life alleged claims against Nu–Med and Ulrich for breach of contract, business defamation, intentional interference with business relations, and conspiracy.

¶ 3 Nu–Med answered 4Life's complaint in the federal case and asserted several counterclaims. Nu–Med moved for summary judgment and, following discussion of Nu–Med's motion during two pre-trial conferences, the court granted Nu–Med's motion. During one of the pre-trial conferences, when

the court asked if Nu–Med was interested in pursuing its counterclaims if summary judgment were granted, counsel for Nu–Med stated they were "willing to dismiss without prejudice those counterclaims." Concurrent with the summary judgment order, Nu–Med voluntarily dismissed its counterclaims against 4Life without prejudice and with the court's approval. The claims between Ulrich and 4Life proceeded to trial. The jury awarded 4Life nominal damages for Ulrich's breach of contract. The jury also found that 4Life had defamed Ulrich and interfered with the contract between Ulrich and Nu–Med, and awarded Ulrich $425,000. 4Life appealed its adverse judgment with respect to Ulrich to the Tenth Circuit, but ultimately settled with Ulrich while the appeal was pending. 4Life did not appeal the adverse summary judgment grant of the Nu–Med claims.

¶ 4 Subsequently, Nu–Med initiated this lawsuit (the state case) in July 2005, filing claims substantially similar to the counterclaims it had filed against 4Life in the federal case. 4Life responded that the claims should be dismissed as "compulsory counterclaims" that could only have been litigated, if at all, in the federal case. Following oral argument, the district court agreed with 4Life, granted 4Life's summary judgment motion, and dismissed Nu–Med's complaint with prejudice. Nu–Med appealed the district court's decision. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(j) (2008).

## STANDARD OF REVIEW

¶ 5 "We review the district court's decision to grant summary judgment for correctness, affording the trial court no deference. In reviewing the grant of summary judgment, we recognize that summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Crestwood Cove Apartments Bus. Trust v. Turner*, 2007 UT 48, ¶ 10, 164

P.3d 1247 (citations and internal quotations omitted).

## ANALYSIS

¶ 6 Rule 41 of the Utah Rules of Civil Procedure allows for a voluntary dismissal of "any counterclaim." Utah R. Civ. P. 41(c). Rule 13(a) of the Utah Rules of Civil Procedure, governing compulsory counterclaims, mandates that a party must state any counterclaims arising "out of the transaction or occurrence that is the subject-matter of the opposing party's claim." Utah R. Civ. P. 13(a). 4Life argues that these two rules are in conflict with each other, and that because rule 13(a) is the more specific of the two rules regarding compulsory counterclaims, it must govern under ordinary rules of statutory construction. *See Grynberg v. Questar Pipeline Co.*, 2003 UT 8, ¶ 31, 70 P.3d 1 (quoting *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 216 (Utah 1984)). Nu–Med argues that rule 41's language allowing dismissal of "any counterclaim" permits Nu–Med to refile its claims in this case. Alternately, Nu–Med contends it fulfilled the requirements of rule 13 by stating its counterclaims and litigating them up to the point when 4Life's claims against Nu–Med were resolved on summary judgment. As explained below, we conclude that rules 13 and 41 are not in conflict with each other.

### I. RULE 41

¶ 7 While the federal district court dismissed Nu–Med's counterclaims without prejudice pursuant to Federal Rules of Civil Procedure rather than the Utah Rules of Civil Procedure, Utah's rule 41 and its federal counterpart are similar. Both allow a claimant, whether a plaintiff or a counter claimant, to voluntarily dismiss a claim upon stipulation of the parties or by order of the court upon such terms and conditions as the court deems proper. *Compare* Fed.R.Civ.P. 41, *with* Utah R. Civ. P. 41.[1] In the federal case, Nu–Med voluntarily dismissed its counterclaims by court order. Under both the Utah and Federal Rules of Civil Procedure,

---

1. The numbering within both Utah rule 41 and Federal rule 41 has been amended since the federal district court dismissed Nu–Med's claims without prejudice. None of the changes were substantive. This decision cites the newly numbered versions.

it is clear that unless otherwise specified, a voluntary dismissal under rule 41 is without prejudice. *See* Fed.R.Civ.P. 41(a)(2); Utah R. Civ. P. 41(a)(2)(ii). The plain language of both rules suggests that a court order might specify that a dismissal is with prejudice. *See* Fed.R.Civ.P. 41(a)(2); Utah R. Civ. P. 41(a)(2)(ii). Under both sets of rules, a judge has discretion to set the terms and conditions of a dismissal. *See* Fed.R.Civ.P. 41(a)(2); Utah R. Civ. P. 41(a)(2)(ii); *see also Yusky v. Chief Consol. Mining Co.,* 65 Utah 269, 236 P. 452, 456 (1925) ("[W]hat effect [a] dismissal had presented a legal question for the court."). In the federal case, the court order specified that the dismissal of Nu–Med's counterclaims was without prejudice.

¶ 8 Conceivably, a dismissal without prejudice of a plaintiff's or counter claimant's claim could result in costly relitigation of the dismissed claim. We have held that this is particularly true when a counter claimant voluntarily dismisses its claim while aware that a plaintiff intends to appeal an adverse judgment on its underlying claims. *Harmon v. Greenwood,* 596 P.2d 636, 639–40 (Utah 1979). Such is not the case here. Although 4Life appealed its adverse judgment with regard to Ulrich, and ultimately settled with Ulrich while the appeal was pending, it never appealed its adverse judgment on the Nu–Med claims. Further, the district court is given discretion to issue or deny[2] a voluntary dismissal order upon "such terms and conditions as the court deems proper." Utah R. Civ. P. 41(a)(2)(ii). This judicial discretion is key to ensuring that claims that should not be brought again are not dismissed without prejudice. The federal district court exercised its discretion in dismissing Nu–Med's claims without prejudice, rather than dismissing them with prejudice or not allowing for a dismissal at all. The Utah district court therefore had jurisdiction to consider Nu–Med's claims, and it was not barred by issue or claim preclusion because the federal district court's voluntary dismissal was without prejudice. 4Life nonetheless argues that when the counterclaims are compulsory un-

der rule 13, they cannot be relitigated in spite of the "without prejudice" nature of the dismissal.

## II. RULE 13(a)

¶ 9 Rule 13(a) of the Utah Rules of Civil Procedure describes what makes a counterclaim compulsory, and thus barred from litigation if not brought in the same action as certain other claims:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

Utah R. Civ. P. 13(a).

¶ 10 It is undisputed that Nu–Med's federal counterclaims arose "out of the same transaction or occurrence that is the subject-matter" of 4Life's claims. Neither is it disputed that the claims Nu–Med now seeks to bring in the state case are substantially similar to the counterclaims it brought against 4Life in the federal case. Thus, 4Life argues that these claims should be deemed compulsory counterclaims that had to be litigated in the federal case or be barred forever. Nu–Med argues that because it stated and litigated its claims in the federal case up to the point where 4Life's claims were dismissed, it complied with rule 13(a), and its claims should not be barred.

¶ 11 Nu–Med and 4Life each present us with cases decided by other courts that have

---

**2.** Unlike the Utah rule 41, which requires a court order even upon stipulation of the parties, the federal rule 41 allows for a voluntary dismissal without court order upon stipulation of all par-

ties. *Compare* Utah R. Civ. P. 41, *with* Fed. R.Civ.P. 41(a)(1). In this case, however, Nu–Med's counterclaims were dismissed upon court order.

faced a similar problem. The most pertinent cases are discussed below.

¶ 12 Arkansas decided a similar case, but under slightly different rules of procedure. In *Linn v. NationsBank*, the Arkansas Supreme Court held that under the Arkansas Rules of Civil Procedure, a counter claimant had a *"right* to proceed ... although the plaintiff's action may have been dismissed" and that Arkansas' compulsory counterclaim rule only required that a counterclaim be stated, but the court did not explicitly require litigation of that claim. 341 Ark. 57, 14 S.W.3d 500, 505 (2000). Utah's rule 13 requires more of the litigant than merely stating a counterclaim. Were it otherwise, the judicial economy policy of rule 13(a) could be defeated by simply stating a counterclaim and then voluntarily dismissing it while the underlying claim proceeded. However, that is not what happened here. Nu–Med presented and litigated its counterclaims up until the point at which 4Life's claims were disposed of by way of summary judgment. Only then were Nu–Med's claims voluntarily dismissed without prejudice.

¶ 13 In another case discussing compulsory counterclaims, the Fourth Circuit held that a counter claimant who has its claims voluntarily dismissed could not bring substantially similar claims in a new case. *SSMC, Inc. v. Steffen*, 102 F.3d 704, 711–12 (4th Cir.1996). In *SSMC*, the district court held a status conference with both parties where it discussed dismissing a counterclaim without prejudice, but flatly stated that because the counterclaim was compulsory, it had to be litigated in the same case, so the effect was a dismissal with prejudice. *Id.* In other words, the court let the parties know the "terms and conditions" upon which the claim would be dismissed. Fed.R.Civ.P. 41(a)(2). "[The counter claimant's] attorney did not object to this characterization of [the] counterclaim or this legal analysis of the effect of dismissal of a compulsory counterclaim." *SSMC*, 102 F.3d at 712. Here, we are presented with a different set of facts. In the federal case, there was some discussion of the dismissal, but it all involved the term "without prejudice." The record before us is clear that the federal district court did not intend this voluntary dismissal without prejudice to act as a de facto dismissal with prejudice, nor did the court imply that further litigation of the counterclaims would be barred. The strongest. evidence is the order itself, which plainly dismisses Nu–Med's counterclaims without prejudice while dismissing 4Life's complaint with prejudice. Thus, unlike *SSMC*, where the court dismissed the counter claimant's claims without prejudice but with a caveat on the record that the effect of the dismissal would be the same as a dismissal with prejudice, there is no evidence in this case that the federal district court intended anything other than a dismissal without prejudice.

¶ 14 The Colorado Court of Appeals followed the Fourth Circuit and distinguished itself from Arkansas when it was faced with a similar case. *Grynberg v. Phillips*, 148 P.3d 446, 449 (Colo.Ct.App.2006). Grynberg brought a breach of contract counterclaim against Phillips in Wyoming state court. *Id.* at 447. This counterclaim was later dismissed without prejudice on Grynberg's own motion after all other claims in the case had been resolved. *Id.* at 448. Grynberg then brought a lawsuit in Colorado state court and therein reasserted the breach of contract claim. *Id.* The Colorado district court dismissed the breach of contract claim as a barred compulsory counterclaim and held that it did not matter whether the Wyoming court dismissed the claim with or without prejudice. *Id.* The Colorado Court of Appeals upheld the dismissal, reasoning that "[t]o hold otherwise would allow a defendant ... to defeat the mandatory provisions of [Colorado's compulsory counterclaim rule] and preserve the counterclaim simply by filing it in the first action and then voluntarily dismissing it without prejudice." *Id.* at 449. While we generally agree with this rationale, we believe the policy of rule 13(a) is still served by allowing certain counterclaims to be refiled after a voluntary dismissal.

¶ 15 We have stated that "[t]he purpose of rule 13(a) is to ensure that all relevant claims arising out of a given transaction are litigated in the same action." *Raile Family Trust v. Promax Dev. Corp.*, 2001 UT 40, ¶ 12, 24 P.3d 980. Other jurisdictions view their compulsory counterclaim rules similarly.

*E.g., Linn,* 14 S.W.3d at 504 ("The purpose for [Arkansas' compulsory counterclaim rule] is to require parties to present all existing claims simultaneously to the court or be forever barred, thus preventing a multiplicity of suits arising from one set of circumstances."); *Grynberg,* 148 P.3d at 449. Simultaneous litigation of claims and counterclaims serves judicial economy, because litigating claims arising out of the same transaction separately duplicates party efforts and wastes judicial resources.

¶ 16 However, judicial economy ceases to present the same concern for counterclaims the moment the underlying claims of the opposing party are resolved permanently and without appeal. Having no claim to counter, there is no independent reason to insist upon continuing to litigate the original counterclaims if both parties agree and the court decides "upon such terms and conditions" as it deems proper that a voluntary dismissal is appropriate. Utah R. Civ. P., 41(a)(2)(ii). At such a moment, the counter claimant is more like a plaintiff because there is only one set of claims between the two parties. There is no efficiency to be gained by compelling litigation of claims that are no longer being simultaneously litigated with an opposing party's claims. The court can still refuse to grant a voluntary dismissal to a counter claimant pursuant to the discretion given by rule 41, if for other reasons (having proceeded too far into litigation, for instance) such a grant would not be proper, just as the court can deny a similar request by a plaintiff.

¶ 17 In the federal case, 4Life's claims against Nu–Med were dismissed on summary judgment. Although the trial proceeded with other claims between Ulrich and 4Life, Nu–Med was not a party to those claims. 4Life appealed only judgments against it related to Ulrich and not those involving Nu–Med. At that point, Nu–Med's claims ceased to be compulsory counterclaims because there were no claims left to counter. The purpose of simultaneous litigation, at least with respect to Nu–Med, was no longer thwarted with a dismissal because there were no underlying claims to simultaneously litigate.

¶ 18 It is possible that other circumstances might have led the federal district court to hesitate before granting a voluntary dismissal without prejudice, but that decision lay within its discretion. When the federal district court dismissed Nu–Med's claims without prejudice, it did not condition the dismissal with any other language. 4Life did not object to the characterization of the dismissal as being without prejudice. Pursuant to Federal Rule of Civil Procedure 41, the federal judge could have refused to grant the dismissal or dismissed the claims with prejudice, but he did not. We defer to the federal judge's discretion in dismissing the counterclaims without prejudice. Because 4Life's underlying claims against Nu–Med were resolved at the time of the voluntary dismissal, Nu–Med's compulsory counterclaims ceased to be compulsory. Therefore, there is no violation of Utah Rule of Civil Procedure 13(a), and Nu–Med's claims may be litigated in a Utah court.

## CONCLUSION

¶ 19 Our holding is narrow. If all underlying claims against a party have been resolved, if these rulings are not appealed, if the opposing party agrees to a voluntary dismissal without prejudice, if the judge grants a voluntary dismissal without prejudice, and if all other requirements are met for a rule 41 dismissal without prejudice, then a party's counterclaims arising out of the same transaction or occurrence as the opposing party's original claims cease to be compulsory under rule 13 and may be brought again.

¶ 20 Here, 4Life's claims against Nu–Med in the federal case were fully resolved upon summary judgment and were not appealed. Without objection from 4Life, the federal district court granted Nu–Med a voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41 on counterclaims that arose from the same transaction or occurrence as 4Life's claims. Thus Nu–Med's counterclaims are no longer compulsory under rule 13 and may be brought again in a Utah court. We therefore reverse the district court's grant of summary judgment

and remand this case for further proceedings consistent with this opinion.

¶ 21 Associate Chief Justice DURRANT, Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM'S opinion.