2014 UT App 73

**H & H NETWORK SERVICES, INC.,**
**Plaintiff and Appellee,**

v.

**UNICITY INTERNATIONAL, INC.,**
**Defendant, Third-party Plaintiff,**
**and Appellant,**

v.

**Roger Hooban, Third-party Defendant**
**and Appellee.**

No. 20120104–CA.

Court of Appeals of Utah.

April 3, 2014.

Steven C. Smith, Salt Lake City, and Derrick C. Hughes, Attorneys for Appellant.

Chad C. Shattuck, Attorney for Appellees.

Judge MICHELE M. CHRISTIANSEN authored this Memorandum Decision, in which Judges J. FREDERIC VOROS JR. and STEPHEN L. ROTH concurred.

Memorandum Decision

CHRISTIANSEN, Judge:

¶ 1 Unicity International, Inc. (Unicity) appeals the district court's September 8, 2011 ruling dismissing with prejudice Unicity's third-party claim for attorney fees against Roger Hooban. We affirm in part and vacate in part.

¶ 2 On December 2, 2008, H & H Network Services, Inc. (H & H) filed suit against Unicity alleging breach of a distributorship agreement between the parties and other related claims. Unicity filed a counterclaim against H & H and a third-party claim against Hooban, seeking declaratory judgments and an award of attorney fees.[1] H & H and Hooban then moved to dismiss Unicity's claims against Hooban. On June 24, 2009, the district court granted the motion in part, dismissing Unicity's declaratory judgment claims, but denied the motion with respect to the attorney fees claim against Hooban. The court acknowledged that Unicity's attorney fees claim relied on a theory that Hooban was the alter ego of H & H but explained that "Unicity ha[d] not pleaded alter ego in its counterclaim." Nevertheless, the court noted that "the case [was] only six months old, so there [was] a possibility that Unicity [would] file a motion to amend" its claim to include the alter ego theory of liability as a basis for its attorney fees claim against Hooban.

¶ 3 Over a year later, Unicity moved for leave to amend its claim against Hooban so that it could pursue its alter ego theory of liability. However, the court denied Unicity's motion, ruling that it was untimely and unjustifiably delayed, and that allowing the amendment would result in prejudice to H & H and Hooban. Having been denied its request to amend, Unicity moved to voluntarily

1. Hooban purchased H & H at a bankruptcy auction on November 30, 2004. While the parties refer to the claims against Hooban as counterclaims, Hooban was not a party to H & H's complaint and the claims against him are therefore third-party claims.

dismiss its attorney fees claim without prejudice with the expectation of refiling on a later date. H & H and Hooban filed a memorandum in opposition seeking dismissal of Unicity's attorney fees claim with prejudice. The court denied Unicity's motion to voluntarily dismiss without prejudice and instead dismissed with prejudice. Unicity timely appeals.

¶ 4 Under rule 41 of the Utah Rules of Civil Procedure, a trial court has discretion to determine whether to grant a motion for voluntary dismissal. *Murray First Thrift & Loan Co. v. Benson*, 563 P.2d 185, 186 (Utah 1977). The rule entitles a court to grant or dismiss the motion "upon such terms and conditions as the court deems proper." Utah R. Civ. P. 41(a)(2)(ii). Accordingly, "[w]e review a trial court's decision to dismiss a claim with prejudice for an abuse of discretion." *Albrecht v. Bennett*, 2002 UT App 64, ¶ 14, 44 P.3d 838. "This judicial discretion is key to ensuring that claims that should not be brought again are not dismissed without prejudice." *Nu–Med USA, Inc. v. 4Life Research, LC*, 2008 UT 50, ¶ 8, 190 P.3d 1264. Additionally, rule 41(a) states, "Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Utah R. Civ. P. 41(a)(2)(ii). Thus, a court may dismiss an action with prejudice under rule 41(a)(2) as long as the court so specifies in the dismissal order. *See id.; Nu–Med*, 2008 UT 50, ¶ 7, 190 P.3d 1264 ("The plain language of [rule 41(a)(2)(ii)] suggests that a court order might specify that a dismissal is with prejudice.").

¶ 5 Unicity argues that the district court abused its discretion by denying Unicity's motion to dismiss without prejudice and instead dismissing with prejudice Unicity's attorney fees claim against Hooban. The district court ruled that "dismissing the remaining cause of action with prejudice is a reasonable and appropriate avenue to resolve this nearly-fully litigated, two-year-old case." The court based its decision, in part, on the probable extent to which Hooban and H & H would be prejudiced if Unicity's motion to dismiss without prejudice were granted.

The court also applied the four factors from *Ohlander v. Larson*, 114 F.3d 1531 (10th Cir.1997), that we applied in an earlier case. *See Rohan v. Boseman*, 2002 UT App 109, ¶¶ 21–22, 46 P.3d 753 (explaining that " '[a]bsent legal prejudice to the defendant, the [trial] court normally should grant' " a motion for voluntary dismissal, and setting forth factors relevant to the prejudice analysis (alterations in original) (quoting *Ohlander*, 114 F.3d at 1537)). The *Ohlander* factors are the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, insufficient explanation for the need for a dismissal, and the present stage of litigation. *Ohlander*, 114 F.3d at 1537. The *Ohlander* factors are "by no means exclusive" and "[a]ny other relevant factors should" also be considered. *Id.*

¶ 6 The district court concluded that H & H and Hooban would suffer "severe prejudice" under *Ohlander* if it were to grant Unicity's motion to dismiss without prejudice. The court ruled, for example, that Unicity failed to provide reasonable or justifiable excuse or explanation for its failure to proceed for more than a year in moving to amend its pleadings to include an alter ego claim against Hooban. The court also concluded that "H & H would be prejudiced by extending Unicity the opportunity to bring yet another lawsuit for attorney fees against Hooban ... because [H & H] may have to indemnify Hooban for the resulting expenses." Additionally, the court determined that granting Unicity's motion to dismiss without prejudice "would harm judicial economy, as it appear[ed] to circumvent the Court's earlier decision" denying Unicity's motion to amend. Indeed, the possibility of subsequent litigation on the same claim may in some cases constitute prejudice. *See Nu–Med*, 2008 UT 50, ¶ 8, 190 P.3d 1264 ("Conceivably, a dismissal without prejudice of a plaintiff's or counter claimant's claim could result in costly relitigation of the dismissed claim."). Finally, the court noted that it had already granted Unicity judgment against H & H.[2] Based on our review of the record and

---

**2.** In an order dated November 25, 2009, the district court granted Unicity's motion for judgment on the pleadings as to the original December 2, 2008 complaint filed by H & H. The court

the district court's treatment of the *Ohlander* and other relevant factors, we conclude that the court acted within its discretion by dismissing Unicity's attorney fees claim against Hooban with prejudice.

¶ 7 Unicity argues that a dismissal with prejudice under rule 41(a) required notice of the court's intention to dismiss with prejudice, an opportunity to be heard in opposition to dismissal with prejudice, and an opportunity to withdraw the request for voluntary dismissal and to proceed with the litigation. Because these specific procedural requirements have not been adopted by Utah courts, Unicity relies on cases interpreting rule 41 of the Federal Rules of Civil Procedure. *See, e.g., United States v. 266 Tonawanda Trail*, 95 F.3d 422, 425–26 (6th Cir.1996); *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir.1995); *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471–72 (4th Cir.1993); *Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir.1988); *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir.1986). We need not decide whether Utah law requires such additional process because either way the result in this case would not be different. The record indicates that Unicity received notice of a possible dismissal with prejudice as early as May 4, 2011, when H & H and Hooban submitted their opposition to Unicity's motion to dismiss requesting that the district court dismiss with prejudice. Unicity then availed itself of the opportunity to argue in its reply memorandum that application of the *Ohlander* factors weighed in favor of a dismissal without prejudice. The motion hearing occurred on August 29, 2011, nearly four months later. At the hearing, counsel for Unicity acknowledged the possibility of dismissal with prejudice, stating, "The rule that applies, of course, provides that under Rule 41 we file our own motion to dismiss if we elect not to go forward, and *then the Court decides is it with prejudice or without prejudice.*" (Emphasis added.) Unicity was aware that the district court might dismiss with prejudice and it had an opportunity to respond to and argue against that possibility. Accordingly, we affirm the district court's

then twice awarded Unicity attorney fees against H & H, once on June 29, 2010, and again on

denial of Unicity's motion to dismiss without prejudice and the court's dismissal with prejudice of Unicity's attorney fees claim against Hooban.

 ¶ 8 Unicity also challenges the district court's determination that principles of res judicata would preclude Unicity from filing a new claim for attorney fees against Hooban under an alter ego theory. Res judicata encompasses two distinct legal theories: claim preclusion and issue preclusion. *Gillmor v. Family Link, LLC*, 2012 UT 38, ¶ 10 n. 4, 284 P.3d 622. Claim preclusion prevents parties from raising claims or causes of action that could and should have been litigated in a prior action between those parties. *Id.* ¶ 10. Issue preclusion prevents parties from relitigating facts or issues that were fully litigated in a prior action involving one or more of the parties. *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 19, 16 P.3d 1214. However, res judicata in either of its forms is an affirmative defense to subsequent claims, *State v. Perank*, 858 P.2d 927, 931 n. 3 (Utah 1992), and the party asserting the preclusive effect of prior litigation has the burden of proving the elements of res judicata, *Busch v. Busch*, 2003 UT App 131, ¶ 6, 71 P.3d 177.

 ¶ 9 The district court determined that its ruling in this case would have preclusive effect if Unicity were to bring a future claim against Hooban for attorney fees based on an alter ego theory. However, res judicata is a defense that may be raised only to successive litigation. An action raising claims or issues that implicate the doctrine must be filed before a res judicata defense is ripe for adjudication. Because there is no second case raising these claims, the district court was not in a position to evaluate the preclusive effect of its ruling in this case on a hypothetical future alter ego claim by Unicity against Hooban. Instead, if Unicity files a new claim for attorney fees against Hooban and Hooban raises either form of res judicata as a defense, the district court in that case

September 21, 2010.

should then determine whether the court's rulings in this case, or any other litigation between the parties, prevent Unicity from maintaining the action. Accordingly, we vacate the district court's determinations—without expressing any opinion as to the merits of those determinations—that claim preclusion and issue preclusion bar Unicity from bringing a future claim for attorney fees against Hooban.