2022 UT 15

IN THE

# SUPREME COURT OF THE STATE OF UTAH

DAZ MANAGEMENT, LLC,
*Appellant,*

*v.*

HONNEN EQUIPMENT COMPANY,
*Appellee.*

No. 20200656
Heard October 12, 2021
March 17, 2022

On Certiorari to the Utah Court of Appeals

Second District Court, Ogden
The Honorable Jennifer L. Valencia
No. 180906337

Attorneys:

Donald L. Dalton, Salt Lake City, for appellant

Theodore E. Kanell, Daniel E. Young, Salt Lake City, for appellee

CHIEF JUSTICE DURRANT authored the opinion of the Court, in
which ASSOCIATE CHIEF JUSTICE LEE, JUSTICE HIMONAS,
JUSTICE PEARCE, and JUSTICE PETERSEN joined.

JUSTICE HIMONAS voted prior to his retirement.

CHIEF JUSTICE DURRANT, opinion of the Court:

**Introduction**

¶1 While Michael Tony Daz (Daz) was operating a John Deere grader, it fell upside-down into a canal. The grader had been rented by Daz's limited liability company, Daz Management, LLC (LLC), from Honnen Equipment Company (Honnen). The grader was damaged significantly, and though the rental agreement for the grader required the LLC to insure the grader against property damage, neither Daz nor Honnen discovered that the machine was not properly insured until after the accident.

¶2 Honnen then sued Daz personally, claiming he negligently damaged the grader and breached the rental agreement. Daz defended against Honnen's negligence claim by arguing he did not breach a duty of care, and he defended against the breach of contract claim by arguing, among other things, that he had not signed the rental agreement in a personal capacity, but on behalf of the LLC.

¶3 Honnen's claims were tried to the bench, with the district court ruling for Daz on both claims. As to the negligence claim, the court held that Daz did not breach a duty of care. On the breach of contract claim, it held that Daz had signed the rental agreement on behalf of the LLC and so was not a party to that agreement. At no time during the lawsuit did Honnen seek to add a claim against the LLC.

¶4 Less than one month after the district court entered judgment for Daz, Honnen brought a second action, this time against the LLC, asserting the same claims for breach of contract and negligence. The LLC argued the claims were barred under the claim preclusion branch of res judicata. Honnen then voluntarily dismissed the negligence claim but argued its breach of contract claim was not barred. The district court agreed with the LLC and dismissed the breach of contract claim.

¶5 Honnen appealed to the court of appeals, which reversed the district court's dismissal.[1] The court of appeals based its decision on the narrow ground that the judgment in the first lawsuit did not result in a final judgment on the merits—an essential element of claim preclusion.[2]

¶6 The LLC now asks us to reverse the decision of the court of appeals, arguing that court erred in determining that the judgment in the first action was not a final judgment on the merits. It also asks us to affirm the district court's decision that Honnen's breach of contract claim is barred by claim preclusion. We reverse the court of appeals. All elements of claim preclusion have been met, so Honnen's breach of contract claim against the LLC is barred.

---

[1] *Honnen Equip. Co. v. Daz Mgmt., LLC*, 2020 UT App 89, ¶ 1, 468 P.3d 565.

[2] *Id.* ¶ 8.

## Background

¶7   In the fall of 2015, Daz became interested in renting a John Deere grader from Honnen. Before allowing Daz to rent the grader, Honnen required him to submit a letter of credit. The letter of credit listed "Daz Management, LLC" as the relevant "business" or "registered organization."

¶8   Based on the information provided in the letter of credit, Honnen prepared a rental agreement for the grader. The rental agreement listed "Daz Management" as the lessee but left off the phrase "LLC." Among other things, the rental agreement required "Daz Management" to procure property insurance equal to or greater than the grader's value and obligated "Daz Management" to return the grader "in as good a condition as when the [grader] was delivered." Daz signed the rental agreement and initialed each page, but nowhere did the agreement state Daz was signing as an "owner" or "manager" of "Daz Management."

¶9   Daz used the grader to smooth over the banks of a canal system in Northern Utah. At some point, the canal bank under the grader started to give way, and Daz immediately enlisted the help of a local farmer to tow the grader away from the bank. But while towing efforts were underway, the bank broke off completely, causing the grader to fall upside-down into the water with Daz still buckled in the driver's seat. Fortunately for Daz, he escaped unharmed. But unfortunately for Daz, the grader incurred significant damage, and the parties did not discover that the grader was not properly insured until after the accident.

¶10  Honnen then sued Daz individually for breach of contract and negligence, listing the defendant as "Tony Daz d/b/a Daz Management." Daz filed an answer—which he amended twice—asserting several times that he had signed the rental agreement on behalf of the LLC, not in a personal capacity.

¶11  Daz also filed a third-party complaint against his insurance company, claiming it breached a duty to secure proper insurance for the grader. The third-party plaintiffs were listed as "Defendant Tony Daz dba 'Daz Management' and Daz Management, LLC." In the third-party complaint, Daz specifically stated he had "been incorrectly named in [the] action" and that "Daz Management, LLC

is the party who rented the [grader]."[3] Despite Daz's contentions, Honnen did not then bring a claim against the LLC.

¶12 Honnen's claims were tried to the bench. During trial, Daz submitted evidence that he signed the rental agreement on behalf of the LLC. Honnen sought to refute Daz's evidence by arguing that because the phrase "LLC" did not appear in the agreement and because Daz's signature did not indicate he was signing in a representative capacity, Daz signed the contract in a personal capacity. Daz also challenged the sufficiency of Honnen's damages evidence.

¶13 The district court ruled for Daz on both the breach of contract and negligence claims. As to the negligence claim, the court held that Daz did not breach a duty of care. On the breach of contract claim, the court held that Daz was not a party to the rental agreement. The court also made various factual findings, including: (1) that Daz "owns and does business as Daz Management, LLC"; (2) that the rental agreement's reference to "Daz Management" was a reference to the LLC; (3) that Daz signed the agreement in a representative capacity; (4) that Honnen "knew or in the exercise of common sense reasonably should have known" Daz signed the agreement on behalf of the LLC; and (5) that the grader sustained $180,380.49 of damages. Honnen never moved to amend its complaint to add the LLC as a defendant, nor did Honnen appeal the district court's ruling.

¶14 Less than one month after the district court issued its findings of fact and conclusions of law, Honnen filed the present suit against the LLC. The complaint asserts claims for breach of contract and negligence and is nearly identical to the complaint in the first lawsuit.

¶15 The LLC then filed a motion to dismiss, arguing that all of Honnen's claims were barred by the claim preclusion branch of res judicata. Honnen responded by voluntarily dismissing the negligence claim, but it argued the breach of contract claim was not barred.

¶16 The district court granted the LLC's motion to dismiss, holding that Honnen's breach of contract claim was barred by the claim preclusion branch of res judicata. In doing so, the court used

---

[3] The district court ultimately granted summary judgment in favor of the insurance company on Daz's third-party claims.

our three-element test for claim preclusion, which requires: (1) that both suits "involve the same parties or their privies"; (2) that the claim had been "presented in the first suit or be one that could and should have been raised in the first action"; and (3) that the "first suit must have resulted in a final judgment on the merits."[4] Regarding the first element, the court held that the identity of the defendants between the two actions was "a distinction without a difference" and that "[a]ll parties were well-aware that Tony Daz is Daz Management and that Daz Management is Daz Management, LLC." As to the second element, the court held that Honnen "was not unaware of [the LLC's] existence throughout the pendency of the first case" and "had ample notice and opportunity to join Daz Management, LLC." And regarding the third element, the court held that the first lawsuit was a final judgment on the merits "in favor of [Daz]." Honnen appealed to the court of appeals.

¶17 The court of appeals reversed,[5] basing its decision on the narrow ground that the first lawsuit did not result in a final judgment on the merits.[6] It characterized the judgment in the first action as "merely establish[ing] that, by not suing [the LLC]—the real party to the contract—Honnen failed to overcome an 'initial bar to the court's authority,' because 'the wrong parties [we]re before the court.'"[7] Because the court of appeals determined that the first lawsuit did not result in a final judgment on the merits, it declined to address the other requirements for claim preclusion.[8]

¶18 The LLC argues the court of appeals erred in reversing the district court's decision and contends Honnen's breach of contract

---

[4] *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 2012 UT 66, ¶ 13, 289 P.3d 502 (citation omitted). In opposition to the LLC's motion to dismiss, Honnen conceded that because the "action is based on the same contract claim, the second element of claim preclusion has been met."

[5] *Honnen Equip. Co. v. Daz Mgmt., LLC*, 2020 UT App 89, ¶¶ 1, 8, 468 P.3d 565.

[6] *Id.* ¶ 8.

[7] *Id.* ¶ 9 (quoting *Horne*, 2012 UT 66, ¶ 24) (third alteration in original).

[8] *Id.* ¶¶ 7–8.

claim is barred. We have jurisdiction to hear this case under Utah Code section 78A-3-102(3)(a).

## Standard of Review

¶19 "On certiorari, we review the court of appeals' decision for correctness, focusing on whether that court correctly reviewed the trial court's decision under the appropriate standard of review."[9] "Whether a claim is barred by res judicata is a question of law that we review for correctness."[10]

## Analysis

¶20 The overarching issue before us is whether Honnen's breach of contract claim against the LLC is barred by the claim preclusion branch of res judicata. "[C]laim preclusion bars a party from prosecuting in a subsequent action a claim that has [or should have] been fully litigated previously."[11] The doctrine fulfills several important purposes, including: "(1) preserving the integrity of the judicial system by preventing inconsistent judicial outcomes; (2) promoting judicial economy by preventing previously litigated issues from being relitigated; and (3) protecting litigants from harassment by vexatious litigation."[12]

¶21 Three requirements must be met for a claim to be barred by claim preclusion:

> First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first

---

[9] *Bountiful City v. Baize*, 2021 UT 9, ¶ 31, 487 P.3d 71 (citation omitted) (internal quotation marks omitted).

[10] *Gillmor v. Family Link, LLC*, 2012 UT 38, ¶ 9, 284 P.3d 622.

[11] *Brigham Young Univ. v. Tremco Consultants, Inc.*, 2005 UT 19, ¶ 26, 110 P.3d 678 (citation omitted).

[12] *Gudmundson v. Del Ozone*, 2010 UT 33, ¶ 30, 232 P.3d 1059 (citation omitted). *See also Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 2012 UT 66, ¶ 13, 289 P.3d 502.

action. Third, the first suit must have resulted in a final judgment on the merits.[13]

¶22 The LLC first argues the court of appeals erred in holding that the first lawsuit did not result in a final judgment on the merits. We agree. Because the judgment in the first lawsuit was based on the claims and defenses asserted by the parties and the evidence presented at trial, the judgment was a "final judgment on the merits" for claim preclusion purposes. In holding otherwise, the court of appeals misinterpreted our caselaw. And though Honnen makes several additional arguments for why the judgment in the first lawsuit was not "on the merits," those arguments are unconvincing.

¶23 Because we conclude the court of appeals erred in holding that the first action did not result in a final judgment on the merits, we will address the other two requirements of claim preclusion, requirements not reached by the court of appeals.[14] The LLC asserts the other two requirements of claim preclusion have been satisfied because (1) the LLC and Daz are in privity and (2) Honnen could have and should have asserted its breach of contract claim against the LLC in the first action. We agree with both assertions. Daz and the LLC are in privity because their legal interests and rights are substantially aligned in connection with Honnen's breach of contract claim. And Honnen's claim against the LLC could have and should have been brought in the first action because Honnen was well aware of the basis for its claim against the LLC during the first lawsuit and chose not to join the LLC as a defendant.

---

[13] *Press Publ'g, Ltd. v. Matol Botanical Int'l, Ltd.*, 2001 UT 106, ¶ 19, 37 P.3d 1121 (citation omitted).

[14] The fact that the court of appeals did not reach all three requirements of claim preclusion "does not limit our power to review questions decided by the district court and not reached by the court of appeals, where those questions are fully briefed and fairly included within the issues being decided upon by this court." *Nichols v. Jacobsen Constr. Co.*, 2016 UT 19, ¶ 33, 374 P.3d 3. The district court ruled on all three elements of claim preclusion, each element has been fully briefed by the parties, and the individual requirements of claim preclusion are "fairly included" within the overall issue presented here—whether Honnen's breach of contract claim is barred. So we choose to address all three elements of claim preclusion in this opinion.

¶24 Because the court of appeals based its decision on the third requirement of claim preclusion (final judgment on the merits), we address that requirement first, after which we will address the first and second requirements.

## I. The First Lawsuit Resulted in a Final Judgment on the Merits

¶25 For claim preclusion to apply, the first lawsuit must have ended with a final judgment on the merits.[15] We have held that rule 41 of the Utah Rules of Civil Procedure "comprehensively define[s] a dismissal on the merits" for claim preclusion purposes.[16] Rule 41 provides that "[u]nless the dismissal order otherwise states, a dismissal . . . other than a dismissal for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as an adjudication on the merits."[17] This rule "establishes a presumption that the dismissal of a case is 'on the merits' and thus has preclusive effect, subject to exceptions where the court 'otherwise specifies' or where the decision is for lack of jurisdiction, improper venue, or for failure to join a necessary party [under rule 19]."[18] "Therefore, a case is presumptively dismissed with prejudice unless it falls under an exception."[19]

¶26 We often describe a judgment as not being "on the merits" when it is based on an "initial bar" to the court's authority to adjudicate the claim.[20] "When an initial bar exists . . . the court has authority to opine only on the law and facts surrounding its own power."[21] But absent such a bar, "any subsequent dismissal is preclusive because it is driven not by limitations on the court's

---

[15] *Madsen v. Borthick*, 769 P.2d 245, 247 (Utah 1988).

[16] *Id.* at 248; *see also Cheek v. Iron Cnty. Att'y*, 2019 UT 50, ¶ 14, 448 P.3d 1236 ("Our case law defines '[on] the merits' for res judicata in light of rule 41 of the Utah Rules of Civil Procedure." (alteration in original) (citation omitted)).

[17] UTAH R. CIV. P. 41(b).

[18] *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 2012 UT 66, ¶ 22, 289 P.3d 502.

[19] *Holmes v. Cannon*, 2016 UT 42, ¶ 8, 387 P.3d 971.

[20] *See Horne*, 2012 UT 66, ¶ 24.

[21] *Cheek*, 2019 UT 50, ¶ 18 (citation omitted).

authority, but by the parties' actions or the claims and defenses asserted."[22]

¶27 The LLC argues the court of appeals erred in determining that the judgment in the first lawsuit was not "on the merits" because it determined the judgment was based on an "initial bar" to the district court's authority to hear the breach of contract claim. We agree with the LLC.

¶28 In holding that Honnen's breach of contract claim was not precluded, the court of appeals relied on our decision in *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, in which we stated that an "initial bar to the court's authority exists" when "the wrong parties are before the court."[23] Based on this language, the court of appeals reasoned that because Daz was the "wrong part[y]" for Honnen to sue (because he was not a party to the rental agreement), Honnen did not "overcome an 'initial bar to the [district] court's authority'" to reach the merits of the breach of contract claim.[24]

¶29 The court of appeals erred in characterizing the judgment in the first action as resulting from an "initial bar" to the district court's authority. As we stated in *Horne*, "[w]hen an initial bar exists, the court has authority to opine only on the law and facts surrounding its own power."[25] In entering judgment for Daz in the first action, the district court did much more than opine on the law and facts surrounding its own power. It based its judgment on "the claims and defenses asserted" by the parties—namely, Daz's defense that no contract existed between him and Honnen. In doing so, the district court held that Honnen had not established the first element of breach of contract: the existence of an enforceable agreement between the parties.[26] If the judgment had been the result of an

---

[22] *Horne*, 2012 UT 66, ¶ 25.

[23] *Honnen Equip. Co. v. Daz Mgmt., LLC*, 2020 UT App 89, ¶ 9, 468 P.3d 565 (quoting *Horne*, 2012 UT 66, ¶ 24).

[24] *Id.*

[25] 2012 UT 66, ¶ 25.

[26] "The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."

(continued . . .)

"initial bar," the district court could not have ruled on the elements of Honnen's breach of contract claim.

¶30 In entering judgment for Daz, the district court also made several findings of fact after receiving evidence at trial. These factual findings militate against a conclusion that the judgment in the first lawsuit was not a final judgment on the merits. The district court's findings include the following: (1) that Daz "owns and does business as Daz Management, LLC"; (2) that the rental agreement's reference to "Daz Management" was a reference to the LLC; (3) that Daz signed the agreement in a representative capacity; (4) that Honnen "knew or in the exercise of common sense reasonably should have known" that Daz signed the agreement on behalf of the LLC; and (5) that the grader sustained $180,380.49 of damages. In making these findings, it is clear the district court went far beyond "opin[ing] only on the . . . facts surrounding its own power."[27]

¶31 The court of appeals also erred in interpreting *Horne*'s statement that "[a]n initial bar to the court's authority exists . . . when the wrong parties are before the court."[28] The court interpreted the phrase "wrong parties" to apply in situations—such as this one—where a plaintiff cannot prevail on a breach of contract claim because the defendant is not a party to the contract. But in *Horne*, we did not use the phrase "wrong parties" to include situations where a plaintiff loses a lawsuit merely because it sued a person from whom it cannot recover. Rather, the phrase "wrong parties" in *Horne* refers only to rule 19 of the Utah Rules of Civil Procedure, which becomes clear when the phrase "wrong parties" is examined in context with the surrounding paragraphs of the opinion. In those paragraphs, we referenced rule 19's language regarding a "failure to join a necessary party"[29] and "lack of an indispensable party."[30] This context makes clear that when we used the phrase "the wrong parties are before the court" in *Horne*, we were referring to rule 19, not an independent

---

*Richards v. Cook*, 2013 UT App 250, ¶ 7, 314 P.3d 1040 (citation omitted).

[27] *Horne*, 2012 UT 66, ¶ 25.

[28] *Id.* ¶ 24.

[29] *Id.* ¶ 23.

[30] *Id.* ¶ 24 (internal quotation marks omitted).

legal basis for determining that a final judgment is not "on the merits."

¶32 Nowhere in the court of appeals' opinion does it characterize the judgment in the first action as a dismissal for failure to join an indispensable party under rule 19. Nor could it. The judgment in the first action never references rule 19, nor did the district court engage in a rule 19 analysis.[31]

¶33 Because the court of appeals mischaracterized the judgment in the first action as based on an "initial bar," and because that court misinterpreted the phrase "wrong parties" in *Horne*, it erred in determining that the judgment in the first action was not a final judgment on the merits.

¶34 Honnen responds that even if the court of appeals erred in its interpretation of *Horne*, the first action did not result in a final judgment on the merits for two reasons: (1) the district court did not consider the LLC's liability under the rental agreement and (2) the LLC was not a party to the first action and is not bound by the judgment. Because Honnen's arguments are based on a misapprehension of our caselaw, we reject them.

¶35 Honnen contends that even if the court of appeals erred in its analysis, the judgment in the first action was not on the merits because the district court "did not address [the LLC's] liability" under the rental agreement. The court of appeals also appears to have based its opinion, in part, on the fact that the district court did not "reach[] the merits of Honnen's breach of contract claim."[32] But as we have explained, "'[o]n the merits' for res judicata purposes does not mean that a court must have reached a substantive determination as to the validity of the underlying claims."[33] What

---

[31] Under rule 19, a court must engage in a two-part analysis. "First, the court must ascertain whether a party has sufficient interest in the action to make it a necessary party." *Mower v. Simpson*, 2012 UT App 149, ¶ 27, 278 P.3d 1076 (citation omitted). "Second, if the court indeed deems the party necessary to the action, and joinder is unfeasible, the court must then determine whether the party is indispensable." *Id.* (citation omitted).

[32] *Honnen*, 2020 UT App 89, ¶ 9.

[33] *Cheek*, 2019 UT 50, ¶ 18 (citation omitted).

matters is that the ruling is driven "by the parties' actions or the claims and defenses asserted."[34]

¶36 As we explained above, the district court's judgment in favor of Daz in the first action was a "final judgment on the merits" because it was based on the claims and defenses asserted at trial — namely, Daz's contention that no contract existed between him and Honnen. The fact that the district court did not address the LLC's liability under the rental agreement is irrelevant.

¶37 We recognize the phrase "on the merits" can be "an unfortunate and potentially confusing term," but we reiterate that the concept of a "final judgment on the merits" is separate and distinct from the concept of "the merits of [the] underlying claim[]."[35] The concept of a "final judgment on the merits" — which is the concept at play for claim preclusion — "is concerned with identifying the grounds upon which a dismissal rests."[36] The concept of the "merits of [the] underlying claim[]" is concerned "with the viability — as suggested by relevant facts and appropriate law — of claims made."[37] "One has nothing to do with the other," and the fact that a court did not reach the "merits of [the] underlying claim[]" does not mean that a final judgment is not "on the merits" for purposes of claim preclusion.[38]

¶38 In its briefing, Honnen also appears to be caught up in the fact that the LLC was not a party to the first suit and that the judgment in that case is not binding on the LLC. But for purposes of claim preclusion, the identity of the parties in the second action is relevant only for the first and second elements; it is irrelevant in deciding whether the first action resulted in a "final judgment on the

---

[34] *Id.* (citation omitted).

[35] *Horne*, 2012 UT 66, ¶ 27 n.20. The drafters of the Restatement (Second) of Judgments were also aware of this issue. The Restatement notes that because the phrase "on the merits" contains "possibly misleading connotations," the drafters opted to use the phrase "valid and final personal judgment" rather than "final judgment on the merits." *See* RESTATEMENT (SECOND) OF JUDGMENTS § 19 cmt. a (AM. L. INST. 1982) [hereinafter RESTATEMENT].

[36] *Horne*, 2012 UT 66, ¶ 27 n.20.

[37] *Id.*

[38] *Id.*

merits." The inquiry is backward-looking, and courts are only to consider the claims, defenses, and actions of the parties to the first action to determine whether the suit resulted in a final judgment on the merits. In this case, the "final judgment on the merits" analysis would be the same regardless of the claims Honnen chose to bring or the parties Honnen chose to sue in subsequent suits. It would not matter whether Honnen chose to sue the LLC, Daz, or the Queen of England—the judgment for Daz in the first action would still be a "final judgment on the merits."

¶39 For these reasons, we conclude that the judgment in the first action was a "final judgment on the merits."

## II. Daz and the LLC Are Privies

¶40 Because we have determined that the first action resulted in a final judgment on the merits—which is typically the third requirement of claim preclusion—we return to the first and second requirements. The first element of claim preclusion requires that "both cases must involve the same parties or their privies."[39] It is clear Daz and the LLC are not the same party, so for claim preclusion to apply, the LLC must be in privity with Daz.

¶41 It has been some time since we have undertaken a review of Utah's privity doctrine. We take the opportunity to do so now.

¶42 The doctrine of privity was initially based on a limited set of legal relationships and "originated as much from the needs of property law as from the values of preclusion by judgment."[40] Under this historical conception of the doctrine, parties were in privity only when they had a "mutual or successive relationship to the same right of property"[41] and were considered either "privies in blood," "privies in law," or "privies by estate."[42]

---

[39] *Press Publ'g., Ltd. v. Matol Botanical Int'l, Ltd.*, 2001 UT 106, ¶ 19, 37 P.3d 1121 (citation omitted).

[40] *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) (citation omitted) (internal quotation marks omitted).

[41] *Bigelow v. Old Dominion Copper Mining & Smelting Co.*, 225 U.S. 111, 129 (1912).

[42] *Stacy v. Thrasher for Use of Sellers*, 47 U.S. 44, 59 (1848).

¶43 "The traditional rules" of privity, however, "have changed substantially."[43] The formalistic, relationship-based approach to privity has given way to a more functional, fact-driven analysis,[44] and now, courts generally center the privity analysis on whether "the party to the prior suit adequately represented the same legal interests" as the party alleged to be in privity.[45]

¶44 We embraced the more functional concept of privity in the 1978 case of *Searle Bros. v. Searle*.[46] In that case, we held that "[t]he legal definition of a person in privity with another, is a person so identified in interest with another that he [or she] represents the same legal right."[47] We also determined that privity "includes a mutual or successive relationship to rights in property" and "means one whose interest has been legally represented at the time."[48] Later on, in *Press Publishing, Ltd. v. Matol Botanical International, Ltd.*, we added that "privity depends mostly [on the parties'] relationship to the subject matter of the litigation."[49]

¶45 Interpreting these standards, Utah courts have centered the privity inquiry on whether the parties alleged to be in privity share legal interests and rights in connection with the subject matter of the litigation.[50] Courts in several other states engage in this same inquiry

---

[43] 18A Edward H. Cooper, Federal Practice and Procedure (Wright & Miller) § 4448 (3d. ed. 2021) [Hereinafter Wright & Miller].

[44] *Id.*

[45] 46 Am. Jur. 2d Judgments § 565 (2022).

[46] 588 P.2d 689 (Utah 1978).

[47] *Id.* at 691.

[48] *Id.* (citation omitted) (internal quotation marks omitted).

[49] *Press Publ'g*, 2001 UT 106, ¶ 20 (alteration in original) (citation omitted); *see also Castillo v. Glenair, Inc.*, 232 Cal.Rptr.3d 844, 856 (App. 2018) ("[P]rivity . . . does not embrace relationships between persons or entities, but rather it deals with a person's relationship to the subject matter of the litigation." (citation omitted) (internal quotation marks omitted)).

[50] *See, e.g., Press Publ'g*, 2001 UT 106, ¶ 21 (holding that parties were in privity when the parties "legal rights and interests [were] identical"); *Kodiak America LLC v. Summit Cnty.*, 2021 UT App 47,

(continued . . .)

when confronted with privity questions.[51] We affirm today that the central inquiry in determining whether parties are in privity depends on a comparison of the legal interests and rights of the parties alleged to be in privity. But to aid in this inquiry, we discuss the policy rationales behind the doctrine of privity and clarify our rules.

¶46 When courts confront privity issues, two competing concerns are present. On the one hand, courts seek to prevent duplicative and vexatious litigation—or in other words, to prevent litigants from getting a second bite at the apple. But on the other hand, courts seek to ensure that litigants are not improperly denied their "day in court."[52] Given these two competing concerns, a privity analysis should seek to appropriately balance the policy of preventing duplicative and vexatious litigation with the policy of allowing litigants to pursue distinct claims against distinct parties.

¶47 With these policy concerns in mind, we now clarify Utah's privity doctrine. For parties to be in privity, their legal interests and rights must be substantially aligned when considered in relation to

---

¶ 23, 491 P.3d 962 (centering the privity analysis on a comparison of the interests of the parties alleged to be in privity); *Hansen v. Bank of New York Mellon*, 2013 UT App 132, ¶ 7, 303 P.3d 1025 (framing the privity issue on whether the parties "represent[] the same legal interest").

[51] *See, e.g., Beahm v. 7-Eleven, Inc.*, 672 S.E.2d 598, 602–03 (W. Va. 2008); *Wheeler v. Beachcroft, LLC*, 129 A.3d 677, 690 (Conn. 2016); *BTC Leasing, Inc. v. Martin*, 685 S.W.2d 191, 198 (Ky. Ct. App. 1984); *Butler v. Turner*, 555 S.E.2d 427, 430 (Ga. 2001); *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004); *Doyle v. Smith*, 202 P.3d 856, 866 (Okla. Civ. App. 2008); *Lennon v. Dacomed Corp.*, 901 A.2d 582, 591 (R.I. 2006).

[52] *Taylor*, 553 U.S. at 892–93 (citation omitted). When confronted with privity questions, some courts also consider notions of fundamental fairness. *See, e.g., Bloomfield v. Weakland*, 123 P.3d 275, 279 (Or. 2005) ("[E]ven if the [parties] can be said to have been in privity . . . claim preclusion will not operate to bar [a] claim[] unless it is fundamentally fair to do so."). We believe, however, that fairness concerns are adequately addressed by the second element of claim preclusion, which requires that the claim must have been presented in the first suit or must be one that *could and should have been raised* in the first action.

the subject matter of the litigation. So as applied to this case, the question is whether Daz and the LLC's legal interests and rights are substantially aligned in relation to Honnen's breach of contract claim. Based on this standard, we hold that Daz and the LLC are in privity.[53]

¶48 We begin by noting that section 59 of the Restatement (Second) of Judgments supports our determination that Daz and the LLC share a sufficient commonality of legal rights and interests to be in privity.[54] Section 59 states, as a general rule, that "a judgment in

---

[53] Many courts, when confronted with situations where a plaintiff sues different defendants in successive lawsuits over the same claim, apply a doctrine called "nonmutual claim preclusion." *See generally* WRIGHT & MILLER § 4464.1. Nonmutual claim preclusion is typically considered an exception to the privity requirement and provides that nonparty preclusion is appropriate when (1) there is "a close and significant relationship" between the new and original defendants, *see id.*, and (2) "the defendant can demonstrate that he or she should have been included as a defendant in the earlier suit and the plaintiff fails to provide a good reason for not having done so." *Weddell v. Sharp*, 350 P.3d 80, 81 (Nev. 2015) (internal quotation marks omitted). Cases that have applied some version of nonmutual claim preclusion include *In re El San Juan Hotel Corp.*, 841 F.2d 6 (1st Cir. 1988), *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9 (1st Cir. 2010), *Mancuso v. Kinchla*, 806 N.E.2d 427 (Mass. Ct. App. 2004), *Gambocz v. Yelencsics*, 468 F.2d 837 (3d. Cir. 1972), and *Elbert v. Carter*, 903 F.3d 779 (8th Cir. 2018). Because we conclude that Honnen should have joined the LLC in the first lawsuit against Daz, *see infra* ¶¶ 56–64, nonmutual claim preclusion is arguably an appropriate fit for this case. But because neither party mentioned nonmutual claim preclusion in their briefs or at oral argument, we decline to address whether we should adopt the doctrine, and, if so, whether it would be applicable here.

[54] We do not cite to section 59 of the Restatement as an alternate legal test to the rule announced above. We cite section 59 only as additional support for our independent conclusion that the LLC is in privity with Daz. Indeed, because the Restatement's sections on privity are based on the "underlying theme" that the "interest being represented in the second action was in some sense represented in the [first] action," section 59 is consistent with our interest-based

(continued . . .)

an action ... involving a party who is an officer, director, [or] stockholder" of a non-stock corporation does not "have preclusive effects on the corporation itself."[55] But the rule has several exceptions. Most applicable to this case is the exception for closely held corporations:

> If the corporation is closely held ... [t]he judgment in an action by or against the holder of ownership in the corporation is conclusive upon the corporation except when relitigation of the issue is justified in order to protect the interest of another owner or a creditor of the corporation.[56]

The comments to section 59 of the Restatement explain that "there is no good reason why a closely held corporation and its owners should be ordinarily regarded as legally distinct. On the contrary, it may be presumed that their interests coincide and that one opportunity to litigate issues that concern them in common should sufficiently protect both."[57]

---

privity rules. RESTATEMENT INTRODUCTION: ORGANIZATION OF THIS RESTATEMENT.

[55] RESTATEMENT § 59.

[56] *Id.* § 59(3)(b).

[57] *Id.* § 59 cmt. e. Though it is unclear whether the Restatement's closely held corporation exception applies to claim preclusion, rather than just issue preclusion, we find the exception applicable to both doctrines. As explained above, Utah's privity analysis centers on a comparison of the legal interests and rights of the parties asserted to be in privity, *supra* ¶ 47, and the closely held corporation exception is centered on the idea that "it may be presumed" that the interests of the corporation and its shareholders "coincide." RESTATEMENT § 59 cmt. e. And other courts have applied section 59 to claim preclusion. *See, e.g., Fogelson v. Wallace*, 406 P.3d 1012, 1021 (N.M. Ct. App. 2017) (determining that section 59's closely held corporation exception "recognizes that claim preclusion is appropriate if members of an ownership group directly control a corporate entity"); *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 385 (N.D. 1992) (citing to comment e of section 59 in holding that a shareholder of a corporation "may ... invoke both res judicata and collateral estoppel as a defense to [a plaintiff's] action"); *Bank of America, N.A. v. Fay*, 242 A.3d 38, 46 (R.I. 2020) (citing to the Restatement's closely held

(continued . . .)

¶49 Both Honnen and the LLC assume—and we agree—that the closely held corporation exception also applies to limited liability companies. The Restatement itself supports this idea, as section 61 states that if "an unincorporated association is treated as a jural entity distinct from its members, a judgment for or against the association has the same effects with respect to the association and its members as judgment for or against a corporation, as stated in § 59."[58] In Utah, a limited liability company is a jural entity distinct from its members.[59] And other courts have applied section 59 to limited liability companies.[60] We do so here as well.

¶50 In this case, Daz both "owns and does business as Daz Mangement, LLC." So, under section 59, Daz and the LLC presumptively share sufficient legal interests to support a finding of privity unless relitigation of Honnen's breach of contract claim is necessary to protect the interest of another owner or a creditor of the LLC. Honnen tries to fit itself into the category of a "creditor," but the creditor exception applies to third-party creditors, not parties to the action.[61] Honnen is not a third-party creditor, and were we to accept Honnen's contention that the third-party creditor exception applies here, we would essentially be holding that plaintiffs could

---

corporation exception in holding that claim preclusion "bars further litigation of the claim").

[58] RESTATEMENT § 61(2).

[59] *See* UTAH CODE § 48-3a-104(1) ("A limited liability company is an entity distinct from its member or members.").

[60] *See, e.g.*, *KCAF Invs., L.L.C. v. Kan. City Downtown Streetcar Transp. Dev. Dist.*, 414 S.W.3d 470, 481 n.7 (Mo. Ct. App. 2013); *In re Mickletz*, 544 B.R. 804, 816 (Bankr. E.D. Pa. 2016).

[61] *See* RESTATEMENT § 59 cmt. e (stating that the closely held corporation exception should not be applied if its application "would unfairly affect another person associated with the corporation" or "*third persons* such as creditors" (emphasis added)); *Joe's Pizza, Inc. v. Aetna Life & Cas. Co.*, 675 A.2d 441, 445 n.11 (Conn. 1996) (holding that the closely held corporation exception should not apply "where the preclusive effect of the judgment would cause prejudice to *third parties*, such as other shareholders or creditors" (emphasis added)).

wiggle around determinations of privity whenever they seek a money judgment. So we reject Honnen's argument.

¶51 As we have noted, in addition to section 59 of the Restatement, our conclusion that Daz and the LLC are in privity is informed by the fact that their legal rights and interests are substantially aligned in connection with Honnen's breach of contract claim. Specifically, both Daz and the LLC are equally interested in obtaining a judgment that there was no breach of contract.[62] And Daz and the LLC are equally interested in challenging Honnen's damages—an issue that was extensively litigated in the first lawsuit. We also find it significant that Daz took actions in the first lawsuit that were meant to directly benefit the LLC, such as filing a third-party complaint against the insurance company and listing the LLC as a third-party plaintiff.

¶52 Honnen counters, however, that because Daz prevailed in the first lawsuit on a personal defense (that he signed the contract on behalf of the LLC), he and the LLC cannot be in privity. But the fact that the party in the first lawsuit has personal defenses not shared by the current party does not, on its own, negate a determination of privity. Other than Daz's defense that he signed the contract in a personal capacity, it appears that Daz and the LLC have essentially parallel legal defenses to Honnen's breach of contract claim.[63] These shared legal interests are sufficient to support a finding of privity.

¶53 Honnen also points to our decision in *Brigham Young University v. Tremco Consultants, Inc.*, claiming it is the controlling authority on the privity issue. But that case is distinguishable and not inconsistent with our holding today. In *Brigham Young University*, BYU obtained a judgment against a software company

---

[62] *See Foster v. Plock*, 394 P.3d 1119, 1126 (Colo. 2017) (holding that old and new defendants were in privity, in part, because "both parties had an interest in a judgment that concluded that [the parties' actions] did not injure [the plaintiff] or result in damages").

[63] *See id.* (holding that old and new defendants were in privity, in part, because "[the original defendant's] defense inevitably paralleled a defense that [the new defendant] would have made had he been named in the first action").

but was unable to collect on that judgment.[64] BYU then sued Tremco, which had signed an indemnification agreement with the software company, and sought to collect the judgment directly from Tremco.[65] The district court granted summary judgment in favor of BYU, holding, in part, that because Tremco was a privy of the software company, claim preclusion made Tremco directly liable to BYU for the software company's judgment.[66] We reversed, holding the relationship between Tremco and the software company was not sufficiently close to support a wholesale transfer of liability from the software company to Tremco, even though there was a commonality of officers and directors between the two companies.[67]

¶54 *Brigham Young University* is distinguishable from this case. That case concerned an offensive use of claim preclusion, which occurs when a plaintiff uses claim preclusion to prevent a defendant from asserting defenses. This case, in contrast, concerns a defensive use of claim preclusion, which occurs when a defendant uses claim preclusion to prevent the plaintiff from relitigating a claim. We agree with the Third Circuit that "a lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action."[68] Because *Brigham Young University* concerned an offensive use of claim preclusion, rather than a defensive use of claim preclusion, it is distinguishable.

¶55 In summary, we hold that Daz and the LLC are privies because their legal rights and interests are substantially aligned in connection with Honnen's breach of contract claim. And none of Honnen's arguments have convinced us otherwise.

### III. Honnen Could and Should Have Asserted Claims Against the LLC in the First Lawsuit

¶56 The second element of claim preclusion requires that the claim alleged to be barred "must have been presented in the first suit

---

[64] *Brigham Young Univ. v. Tremco Consultants, Inc.*, 2005 UT 19, ¶¶ 6–7, 110 P.3d 678, overruled on other grounds by *Madsen v. JPMorgan Chase Bank, N.A.*, 2012 UT 51, 296 P.3d 671.

[65] *Id.* ¶ 7.

[66] *Id.* ¶ 8.

[67] *Id.* ¶¶ 37–38.

[68] *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991).

or be one that could and should have been raised in the first action."[69] Because Honnen did not bring a breach of contract claim against the LLC in the first action, we must determine whether it "could and should have" done so.

¶57 In determining whether a claim should have been brought in the first action, we follow the transactional test of section 24 of the Restatement (Second) of Judgments.[70] Under that test, "[c]laims or causes of action are the same as those brought or that could have been brought in the first action if they arise from the same operative facts, or in other words from the same transaction."[71] "[D]eterminations of whether a certain factual grouping constitutes a transaction . . . should be made pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."[72] "But we emphasize that no single factor is determinative."[73]

¶58 The LLC argues Honnen's breach of contract claim against it stems from the same transaction as the breach of contract claim against Daz and that Honnen should have joined the LLC in the first suit. Honnen, in response, makes two arguments: (1) that the "same transaction" test of the Restatement does not apply here because this case does not concern "a claim and action by a single plaintiff against a single defendant" and (2) that it was not obligated to join the LLC in the first action because it was entitled to litigate its theory that "Daz Management" was a d/b/a of Daz before asserting a claim against the LLC. We reject Honnen's arguments and agree with the LLC.[74]

---

[69] *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 2012 UT 66, ¶ 13, 289 P.3d 502 (citation omitted).

[70] *Gillmor v. Family Link, LLC*, 2012 UT 38, ¶ 13, 284 P.3d 622.

[71] *Mack v. Utah State Dep't of Com., Div. of Sec.*, 2009 UT 47, ¶ 30, 221 P.3d 194 (citing RESTATEMENT § 24).

[72] *Gillmor*, 2012 UT 38, ¶ 14 (citation omitted) (internal quotation marks omitted).

[73] *Id.* (citation omitted) (internal quotation marks omitted).

[74] The LLC also claims Honnen's arguments are unpreserved because Honnen conceded to the district court that the "same claim"

(continued . . .)

¶59 We hold that Honnen's breach of contract claim against the LLC stems from the same transaction as the breach of contract claim against Daz. This is so because both claims arise from the same operative facts. Both stem from damage to the grader after it fell upside-down into a canal. Both center on the meaning of the same rental agreement and the obligations of the parties to that contract. And other than the fact that the identity of the defendants is different between the two claims, the evidence necessary to sustain both would be identical. Given these facts, it is clear that both breach of contract claims are related in time, space, and origin, and that both claims would have formed a convenient trial unit.

¶60 Honnen does not argue the two breach of contract claims do not arise from the same transaction. Instead, it argues that the "same transaction" test from section 24 of the Restatement does not apply. To support its argument, Honnen cites to comment e of section 24 and claims the "same transaction" test applies only to a "claim and action by a single plaintiff against a single defendant." Honnen then reasons that because the claims involve two different defendants—the LLC and Daz—section 24 does not apply.

¶61 But Honnen mischaracterizes comment e to section 24 of the Restatement, which becomes apparent when the comment is quoted at length:

> The rule against splitting as stated in [section 24] takes
> *as its model* a claim and action by a single plaintiff

---

requirement had been met. The LLC does not argue that, based on this concession, Honnen is now estopped from challenging the "same claim" requirement on appeal. Rather, the LLC casts the issue as one of lack of preservation. But Honnen's arguments are not unpreserved. This is so because, notwithstanding Honnen's concession, the district court chose to address the "same claim" requirement in its ruling. Because the purpose of the preservation rule is to "ensure that the district court had a chance to rule on an issue before an appellate court will address it," the district court's discussion of the "same claim" requirement adequately preserved Honnen's current arguments for our review. *Helf v. Chevron U.S.A. Inc.*, 2015 UT 81, ¶ 42, 361 P.3d 63; *see also Kell v. State*, 2012 UT 25, ¶¶ 10–11, 285 P.3d 1133 (holding an issue was preserved, even though appellant did not raise the issue to the district court, when the district court addressed it sua sponte).

against a single defendant. A transaction may, however, involve more than two persons, and *an adjudication between two parties may have legal effects upon third persons who may or may not have been involved in the transaction.* As to situations of these types, see [other sections dealing with third parties, including section 59].[75]

As this comment to the Restatement makes clear, the "same transaction" test of section 24 applies to situations—such as the one at issue here—where judgment on the plaintiff's claim in the first action may have legal effects on a third party (the LLC). And if Honnen were right that section 24 of the Restatement does not apply to successive actions involving different defendants, then the "same parties or their privies" requirement would be pointless because, by definition, privies are not parties to the first action. We therefore reject Honnen's attempt to cabin section 24 only to situations where the same plaintiff sues the same defendant in successive actions.

¶62 Regarding whether Honnen should have brought a claim against the LLC in the first action, we find that Honnen was thoroughly aware of the LLC's existence and had ample opportunity to join the LLC. Even before Honnen initiated the first action, it possessed a letter of credit that unambiguously referenced "Daz Management, LLC." It was from this letter of credit that Honnen prepared the rental agreement. And throughout the course of the first lawsuit, Daz defended against the breach of contract claim by claiming he had signed the rental agreement on behalf of the LLC. If Honnen was uncertain whether Daz or the LLC was the proper party to sue, it should have sued both. We therefore hold that Honnen both could and should have brought its breach of contract claim against the LLC in the first action.

¶63 Honnen protests that the Utah Rules of Civil Procedure, particularly the procedures governing amendments of pleadings in rule 15, did not require it to bring a claim against the LLC. Honnen instead claims it was entitled to litigate its theory that "Daz Management" was a d/b/a of Daz before bringing a claim against the LLC.

¶64 Honnen is correct that the Utah Rules of Civil Procedure did not require it to bring a claim against the LLC in the first action. But that does not mean claim preclusion is inapplicable. The rules of

---

[75] RESTATEMENT § 24 cmt. e (emphasis added).

procedure and the doctrine of res judicata are not coextensive. As the introduction to the Restatement states: the "rigor [of res judicata] contrasts sharply with the liberality of . . . the Federal Rules of Civil Procedure and similar systems."[76] The Utah Rules of Civil Procedure certainly allowed Honnen to focus the first lawsuit on a narrow set of issues and parties, but Honnen did so at its peril. The procedural rules gave Honnen a multitude of options, including bringing a claim in the alternative against the LLC[77] or requesting an amendment to its pleadings at any point—even after trial.[78] But Honnen chose none of these options. Instead, it let the time to appeal expire and filed a second action against the LLC. Doing so was certainly Honnen's prerogative, but when Honnen filed the second lawsuit, it moved from the "liberal" realm of procedure to the "rigor" of res judicata.[79]

---

[76] RESTATEMENT INTRODUCTION: RELATION BETWEEN LAW OF RES JUDICATA AND LAW OF PROCEDURE.

[77] Honnen suggests it was caught between a rock and a hard place in choosing between suing Daz personally and suing the LLC. But the rules of procedure would have allowed Honnen to pursue both claims at once and seek relief in the alternative. *See* UTAH R. CIV. P. 8(a) ("Relief in the alternative or of several different types may be demanded.").

[78] Rule 15(b)(1) of the Utah Rules of Civil Procedure allows a party to amend its pleadings both during and after trial: "A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." After the district court in the first action determined the LLC—not Daz—was a party to the rental agreement, Honnen could have moved to amend its pleadings. We offer no opinion on whether this request would have been granted; we merely point out Honnen could have tried to add a claim against the LLC even after the judgment.

[79] RESTATEMENT INTRODUCTION: RELATION BETWEEN LAW OF RES JUDICATA AND LAW OF PROCEDURE (noting that the "rigor [of res judicata] contrasts sharply with the liberality of . . . the Federal Rules of Civil Procedure and similar systems").

**Conclusion**

¶65  The court of appeals erred when it determined the judgment in the first action was not a final judgment on the merits. And none of Honnen's additional arguments have convinced us that the first action did not result in a final judgment on the merits for purposes of claim preclusion. We also hold that the LLC is in privity with Daz and that Honnen both could and should have brought its breach of contract claim against the LLC in the first action.  Honnen's breach of contract claim is therefore barred.

¶66  In holding that Honnen's breach of contract claim is barred, we echo the Fifth Circuit, which determined, after compiling cases from across the country, that

> [w]here a plaintiff has sued parties in serial litigation over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first action; where there was a "special relationship" between the defendants in each action, if not complete identity of parties; and where although the prior action was concluded, the plaintiff's later suit continued to seek essentially similar relief—the courts have denied the plaintiff a second bite at the apple.[80]

We deny Honnen a second bite at the apple. We reverse the court of appeals and hold that Honnen's breach of contract claim is barred.

———————————

---

[80] *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288 (5th Cir. 1989).