2003 UT App 264

**John William COX, Petitioner and Appellee,**

v.

**Brenda Lyn KRAMMER fka Brenda Lyn Cox, Respondent and Appellant.**

No. 20020696–CA.

Court of Appeals of Utah.

July 25, 2003.

George B. Handy and Raymond B. Rounds, Ogden, for Appellant.

Laura Rasmussen, Daniel L. Wilson & Associates, and F. Kim Walpole, Vlahos & Walpole, Ogden, for Appellee.

Before Judges JACKSON, BENCH, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Brenda Lyn Krammer appeals the trial court's denial of her request for attorney fees and order splitting the cost of an in-home custody evaluation with John William Cox. We affirm.

## BACKGROUND

¶ 2 Cox and Krammer were divorced in February 1999. Upon agreement of the parties, the district court ordered joint legal custody of the couple's minor child. The court designated Krammer as the physical custodian and granted Cox visitation. In

June 2000, Cox filed a motion to modify custody, asking that he be designated the custodial parent. Cox claimed that custody and visitation should be modified because Krammer was not financially stable, the child was being abused or neglected, and the child was being raised in a religion different than Cox.

¶ 3 At a pre-trial conference before a court commissioner, the commissioner ordered an in-home evaluation and directed Cox to pay the cost of this evaluation. The motion to modify custody was then heard by the district court, where it was denied. In its order, the district court stated that "there has been no substantial or material change of circumstances occurring after the [divorce] [d]ecree was entered in this matter to justify a change in custody of the child." The district court then ordered Krammer to pay one-half of the cost of the in-home evaluation. In response to Krammer's request for fees, the district court found Cox's motion had "serious merit and was brought in good faith" and ordered each party to pay their own attorney fees. Krammer appeals.

## ISSUES AND STANDARD OF REVIEW

¶ 4 Krammer argues that she is entitled to an award of attorney fees pursuant to Utah Code Annotated section 30–3–5(5) (Supp.2002). Krammer also argues that the district court exceeded its authority when it overruled the commissioner's pretrial order and directed the parties to split the cost of the in-home evaluation. Resolution of both of these issues requires that we engage in statutory interpretation. "[A] district court's interpretation of a statutory provision is a question of law that we review for correctness." *Davis County Solid Waste Mgmt. v. City of Bountiful*, 2002 UT 60, ¶ 9, 52 P.3d 1174.[1]

---

1. While we review a lower court's interpretation of the law for correctness, *see State v. Pena*, 869 P.2d 932, 936 (Utah 1994), generally, we defer to the trial court's application of that law to the facts. *See Bailey v. Bayles*, 2001 UT App 34, ¶ 24, 18 P.3d 1129 (Davis, J., dissenting) (noting that "[l]egal determinations regarding the trial court's application of the law to the set of facts are reviewed with more deference than the trial court's interpretation of the law"); *State v. Farrow*, 919 P.2d 50, 53 (Utah Ct.App.1996) (noting that "[w]e review the trial court's application of [a statute] to the facts ... with more deference"). However, this distinction is not at issue in this case.

## ANALYSIS

■ ¶ 5 Krammer argues that she is entitled to attorney fees pursuant to Utah Code Ann. section 30–3–5(5) (Supp.2002), which provides:

[i]f a petition for modification of child custody … is made and denied, the court shall order the petitioner to pay the reasonable attorneys' fees expended by the prevailing party in that action, *if the court determines that the petition was without merit and not asserted or defended against in good faith.*

*Id.* (emphasis added). When interpreting statutes "[w]e look first to the statute's plain language as evidence of the legislature's intent, and give effect to that plain language unless the statute is ambiguous." *Grynberg v. Questar Pipeline Co.,* 2003 UT 8, ¶ 27, 70 P.3d 1.

¶ 6 Krammer argues that the court must order a losing party to pay attorney fees to the prevailing party unless it finds the motion to modify has merit and was asserted in good faith. Thus, Krammer argues, "[i]f the [c]ourt does not make a finding in favor of [Cox] on both, not just one of those requirements, it becomes mandatory for the Court to award the prevailing party a reasonable attorney[ ] fee."

¶ 7 We disagree with Krammer's reading of section 30–3–5(5). Relying upon the plain language of the section, we conclude that Krammer would have been entitled to an attorney fee award only if the district court had found that Cox's motion was without merit and brought in bad faith. Here, the district court made a specific finding, both in its conclusions of law and in its final judgment, that Cox's motion had "serious merit" and had been brought in good faith.[2] Thus, pursuant to section 30–5–5, Krammer is not entitled to attorney fees.

¶ 8 In the alternative, Krammer argues that she is entitled to attorney fees because the district court failed to support with specific factual findings its conclusions that Cox's motion had merit and had been brought in good faith. Krammer relies upon case law interpreting Utah Code Annotated section 78–27–56 (2000) to argue that she must be awarded fees unless the trial court makes specific factual findings to support its conclusion that there was no bad faith and its subsequent decision to deny fees under section 30–5–5(5).[3] However, Krammer's reliance on section 78–27–56 is misplaced. Like section 30–5–5, section 78–27–56 requires a finding of bad faith and lack of merit as a trigger before attorney fees can be awarded. As previously stated, the trial court found Cox's motion to have "serious merit" and to have been brought in good faith. Consequently, Krammer does not meet the requirement of section 78–27–56. Thus, we affirm the district court's denial of Krammer's request for attorney fees.

■ ¶ 9 Next, relying on rule 6–401(2)(K) of the Utah Rules of Judicial Administration,[4] Krammer argues that the district court

---

2. At trial, Cox claimed that Krammer was not financially stable because she and her new husband recently filed bankruptcy. The court disagreed and found that both Krammer and her new husband were gainfully employed and that the bankruptcy had little impact on the child. Cox also claimed that the child was being abused or neglected. The court ordered an in-home evaluation and then concluded that the child was "happy, healthy, well-nourished, adequately dressed and groomed, and has thrived in the care of [Krammer]." Lastly, Cox objected to the child's religious up-bringing. The court concluded that the religious teachings of Krammer were "not harmful to the child … and religion in this case should not be a critical factor in determining custody [because] there is no religious incompatibility."

3. Pursuant to Utah Code Annotated section 78–27–56 (2000) and its interpreting case law, when

a trial court determines that an action is without merit and brought in bad faith, the trial court *must* make specific factual findings if it chooses to deny the requested attorney fees. *See, e.g., Watkiss & Campbell v. Foa & Son,* 808 P.2d 1061, 1068 (Utah 1991) (noting that trial courts must make specific findings with regard to each element of section 78–27–56, including decisions not to award fees); *Wardley Better Homes & Gardens v. Cannon,* 2002 UT 99, ¶ 32, 61 P.3d 1009 (noting that an award of no or limited fees pursuant to section 78–27–56 must be "predicated on proper findings").

4. The Utah Judicial Council and the Utah Supreme Court adopted the Rules of Judicial Administration in 1988. These rules were an attempt to "compile, review, amend and consolidate the myriad of administrative rules and rules of practice" in effect in the State of

erred when it directed her to pay half the cost of the in-home evaluation, because pretrial orders issued by commissioners cannot be modified by the district court. We disagree.

¶ 10 When interpreting court rules, we apply our rules of statutory construction with an understanding that rules, like statutes, are " 'passed as a whole and not in parts or sections.' " *State v. Maestas,* 2002 UT 123, ¶ 54, 63 P.3d 621 (citation omitted). " '[O]ur primary goal is to evince "the true intent and purpose of the" ' " rule-making body and " 'to render *all parts* [of the rule] relevant and meaningful.' " *Id.* at ¶ 52 (citations omitted). However, the effect of rule 6–401 must be colored by a recognition that commissioners are not vested with the authority to make decisions involving "core judicial functions." *State v. Thomas,* 961 P.2d 299, 302 (Utah 1998);[5] *see also Salt Lake City v. Ohms,* 881 P.2d 844, 851–52 n. 17 (Utah 1994) (noting that while commissioners have the authority to make recommendations to the trial court, "ultimate decision making remains with the judge"). Rule 6–401(2), (4) and (6) state, in relevant part,

Court commissioners shall have the following authority:

(2)(A) Upon notice, require the personal appearance of parties and their counsel;

(2)(B) Require the filing of financial disclosure statements and proposed settlement forms by the parties;

(2)(C) Obtain child custody evaluations . . . .;

(2)(D) Make recommendations to the court regarding any issue, including a recommendation for entry of final judgment, in domestic relations or spouse abuse cases . . . .;

(2)(F) At the commissioner's discretion, and after notice to all parties or their counsel, conduct evidentiary hearings . . . .;

(2)(G) Impose sanctions against any party who fails to comply with the commissioner's requirements of attendance or production of discovery;

(2)(H) Impose sanctions against any person who acts contemptuously . . . .;

(2)(I) Issue temporary or ex parte orders;

(2)(J) Conduct settlement conferences . . . . Issues which cannot be agreed upon at the settlement conference shall be certified to the district court for trial; and

(2)(K) Conduct pretrial conferences . . . [then] make recommendations on all issues under consideration at the pretrial and submit those recommendations to the district court.

. . . .

(4) . . . With the exception of pre-trial orders, the commissioner's recommendation is the order of the court until modified by the court. Any party objecting to the recommended order shall file a written objection to the recommendation with the clerk of the court and serve copies on the commissioner's office and opposing counsel. Objections shall be filed within ten days of the date the recommendation was made in open court or if taken under advisement, ten days after the date the subsequent written recommendation made by the commissioner. Objections shall be to specific recommendations and shall set forth reasons for each objection.

. . . .

(5) . . . Cases not resolved at the settlement or pretrial conference shall be set for trial on all issues not resolved. All other matters shall be reviewed in accordance with Rule 4–501 [of the Rules of Judicial Administration];

(6)(A) . . . Commissioners shall not make final adjudications of domestic relations matters

. . . .

Utah in hopes of achieving statewide uniformity. *See* Utah Code Jud. Admin., *Foreword.*

**5.** *State v. Thomas,* 961 P.2d 299, 302 (Utah 1998), provides that

"core judicial functions include (1) the power to hear and determine controversies between adverse parties and questions in litigation, (2) the authority to hear and determine justiciable controversies, (3) *the authority to enforce any valid judgment,* decree or *order,* and (4) all powers that are necessary to protect the fundamental integrity of the judicial branch."
(Quotations and citations omitted.)

Utah Code Jud. Admin. R. 6–401. Krammer argues that rule 6–401 immunizes the commissioner's order from modification. We disagree.

¶ 11 A plain reading of this text suggests that commissioners have the authority to issue two types of orders: (1) pre-trial orders necessary to the orderly progression of the proceedings; and (2) recommendations submitted to the trial court concerning the outcome of the controversy. Moreover, the plain language of the rule also suggests that only the commissioner's recommendations are to be considered the order of the court prior to submission to the trial court, and only the recommendations are subject to the objection provisions of the rule. *See* Utah Code Jud. Admin. R. 6–401(4). Pre-trial orders, on the other hand, are always subject to modification by the trial court. It would defy logic to conclude that pretrial orders made by a trial judge are subject to modification, but that a commissioner's pretrial orders were not. *See* Utah R. Civ. P. 16 (establishing pre-trial procedures); *Lewis v. Moultree,* 627 P.2d 94, 97 (Utah 1981) (establishing that pre-trial orders may be modified prior to trial for good cause); *Reich v. Christopulos,* 123 Utah 137, 256 P.2d 238, 241 (1953) (noting the propriety of amending a pretrial order following the trial, if it is necessary to avoid " 'manifest injustice' " (quoting Utah R. Civ. P. 16)); *cf. Boice v. Marble,* 1999 UT 71, ¶ 10, 982 P.2d 565 (noting that when justice and fairness require, rule 16 of the Utah Rules of Civil Procedure should be viewed as flexible). Nor are the parties under an obligation to make a specific objection to the commissioner's pre-trial orders before they are subject to review and modification.

¶ 12 Here, the order questioned by Krammer was entitled "pretrial order" and dealt mainly with the commissioner's ordering of an in-home evaluation, as authorized by rule 6–401(2)(C). As such, the questioned order was not subject to the objection provisions of the rule, and, contrary to Krammer's argument, the district court's later order assigning the costs of the in-home evaluator evenly between the parties did not violate rule 6–401.

## CONCLUSION

¶ 13 Krammer is not entitled to an attorney fee award because the district court found pursuant to Utah Code Ann. § 30–5–5(5) (Supp.2002) that Cox's motion had "serious merit" and was brought in good faith. Furthermore, the commissioner's pretrial order directing Cox to pay one-half of the in-home evaluation was not a final order and was properly modified by the district court. We affirm.

¶ 14 WE CONCUR: NORMAN H. JACKSON, Presiding Judge and RUSSELL W. BENCH, Judge.