2005 UT App 239

**Jamal YANAKI, Plaintiff and Appellant,**

v.

**IOMED, INC., a Utah corporation; Robert J. Lollini; and Mary Crowther, Defendants and Appellees.**

No. 20040185–CA.

Court of Appeals of Utah.

May 26, 2005.

David W. Scofield, Peters Scofield Price, and Roger H. Hoole, Hoole & King LC, Salt Lake City, for Appellant.

Clark Waddoups, Jonathan O. Hafen, and Justin P. Matkin, Parr Waddoups Brown Gee & Loveless, Salt Lake City, for Appellees.

Before Judges DAVIS, JACKSON, and ORME.

## OPINION

DAVIS, Judge:

¶ 1 Jamal Yanaki appeals the trial court's dismissal of his claims against Iomed, Inc. (Iomed), Robert J. Lollini, and Mary Crowther (collectively, Defendants). We affirm.

## BACKGROUND

¶ 2 In April 2002, Iomed filed suit against Yanaki (the first case), claiming that he had breached two agreements he had entered into during his employment with Iomed (the IP Agreement and the Education Agreement). In response to this suit, Yanaki filed a counterclaim against Iomed in early 2003, joining Lollini and Crowther, and asserting that Iomed had breached the IP Agreement, that Iomed had breached the implied cove-

nant of good faith and fair dealing, and that Defendants had published defamatory statements about him.

¶ 3 After Iomed had initiated the first case, but before Yanaki filed his counterclaim against Defendants, Yanaki filed complaints with both the Utah Antidiscrimination and Labor Division (UALD) and the U.S. Equal Employment Opportunity Commission (EEOC), alleging that Defendants had engaged in discriminatory employment practices against him by reason of his Arab ethnicity. On March 26, 2003, Yanaki received a right-to-sue letter from the EEOC, indicating that it would not investigate his case any further, but that he had a right to privately pursue the matter in court.

¶ 4 On June 24, 2003, Yanaki filed a separate suit against Defendants (the instant case), alleging that they engaged in discriminatory employment practices, which included Iomed's attempts to enforce the IP Agreement and the Education Agreement. On July 29, 2003, Defendants filed a motion to dismiss the instant case, arguing that all of Yanaki's claims in the instant case should have been brought as compulsory counterclaims, *see* Utah R. Civ. P. 13(a), in the first case. The trial court agreed with Defendants and dismissed all of Yanaki's claims in the instant case without prejudice. Yanaki appeals this dismissal.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 5 Yanaki argues that the trial court erred by dismissing his claims in the instant case under rule 13(a) of the Utah Rules of Civil Procedure. "Because the propriety of a motion to dismiss is a question of law, we review for correctness, giving no deference to the decision of the trial court." *Shipman v. Evans*, 2004 UT 44, ¶ 35, 100 P.3d 1151 (quotations and citation omitted).

## ANALYSIS

¶ 6 Rule 13(a) provides, in relevant part, that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim." Utah R. Civ. P. 13(a). "The purpose of rule 13(a) is to ensure that all relevant claims arising out of a given transaction are litigated in the same action." *Raile Family Trust v. Promax Dev. Corp.*, 2001 UT 40, ¶ 12, 24 P.3d 980.

■ ¶ 7 After reviewing Iomed's complaint in the first case, Yanaki's counterclaim, and Yanaki's claims in the instant case, we hold that Yanaki's claims in the instant case should have been brought as compulsory counterclaims in the first case, pursuant to rule 13(a). The central issues in both cases are based upon Yanaki's employment relationship with Iomed, the IP Agreement, and the Education Agreement. As such, we conclude that Yanaki's claims in the instant case clearly "arise[ ] out of the transaction or occurrence that is the subject-matter of" the first case. Utah R. Civ. P. 13(a). Requiring Yanaki to bring his claims from the instant case as counterclaims in the first case will ensure that all the relevant claims arising out of his employment relationship with Iomed, the IP Agreement, and the Education Agreement will be litigated in the same action.[1] *See Raile Family Trust*, 2001 UT 40 at ¶ 12, 24 P.3d 980.

¶ 8 Yanaki also argues that rule 13(a) is inapplicable to his claims against Robert J. Lollini and Mary Crowther in the instant case because neither person was an "opposing party" in the first case. Utah R. Civ. P. 13(a). Because Yanaki had already made them "opposing part[ies]," *id.*, by naming both Lollini and Crowther as counterclaim defendants in his counterclaim, we conclude that this argument is without merit.

¶ 9 Yanaki further argues that Iomed waived its right to assert that his claims in the instant case should have been brought as compulsory counterclaims in the first case when it failed to raise that issue before the administrative agencies. Not only does Yanaki fail to cite any controlling authority for

---

1. Given our determination that all of Yanaki's claims should have been asserted in a single action, we have no occasion to reach Yanaki's argument that the trial court should have consolidated his two actions.

this proposition, but we are unable to see how this issue would have been relevant in the proceedings before the administrative agencies. Yanaki needed to exhaust his administrative remedies with the administrative agencies, regardless of whether he ultimately chose to bring his employment discrimination claims under a separate action or as counterclaims in the first case. Whether Yanaki was required to bring his employment discrimination claims as compulsory counterclaims in the first case or was allowed to bring them under a separate action was a consideration for the trial court, and would not have been relevant to the administrative agencies, which are not governed by the Utah Rules of Civil Procedure. Therefore, we conclude that this argument is also without merit.

¶ 10 Yanaki additionally argues that his claims in the instant case were not compulsory counterclaims pursuant to rule 13(a) because at the time he filed his counterclaim, he had not received his right-to-sue letter from the EEOC; therefore, his employment discrimination claims were not yet mature. *See* Utah R. Civ. P. 13(a) (providing that a compulsory counterclaim is one that "the pleader has" "at the time of serving the pleading"). The case of *Wilkes v. Wyoming Department of Employment Division of Labor Standards*, 314 F.3d 501 (10th Cir.2002), *cert. denied*, 540 U.S. 826, 124 S.Ct. 181, 157 L.Ed.2d 48 (2003), is both instructive and factually similar to Yanaki's case. Although it based its decision on the doctrine of claim preclusion,[2] the trial court in *Wilkes* ruled that the plaintiff, who had already received a judgment in a case against her former employer, was barred from bringing separate claims in a second case against her former employer. *See id.* at 502. The plaintiff appealed and the Tenth Circuit Court of Appeals affirmed the trial court's ruling, holding

that because the claims in her second case were based upon the same "transaction"— i.e., the "employment relationship"—as the claims in her first case, *id.* at 505, the plaintiff should have brought those claims in her first case. *See id.* at 506. In reaching its conclusion, the court stated that the plaintiff

> could have filed [her first case] against [her former employer] and then sought a stay in the district court until completion of the EEOC administrative process. After receiving her right-to-sue letter, [the plaintiff] could have added her [claim from her second case] to her initial lawsuit by amending her complaint. . . .

*Id.*

¶ 11 We conclude that the fact Yanaki did not receive his right-to-sue letter from the EEOC before filing his counterclaim is not relevant to whether his claims in the instant case should have been brought as compulsory counterclaims in the first case. Despite not having received the letter from the EEOC, his filing of complaints with the UALD and the EEOC clearly demonstrates that he was aware of the existence of his employment discrimination claims prior to filing his counterclaim. In addition, we have already concluded that Yanaki's claims in the instant case clearly "arise[ ] out of the transaction or occurrence that is the subject-matter of" the first case, Utah R. Civ. P. 13(a), namely, his employment relationship with Iomed. As such, he could have filed his counterclaim and then requested a stay of the proceedings in the first case until the EEOC investigation was complete and he had received his right-to-sue letter, at which time he could have moved for leave to amend his counterclaim. *See Wilkes*, 314 F.3d at 506.

2. Claim preclusion is a concept closely related to compulsory counterclaims, and has been used by federal courts in analyzing whether a particular claim arises from the same "transaction or occurrence," Fed.R.Civ.P. 13(a), for purposes of determining whether that claim is a compulsory counterclaim. *See* 3 James Wm. Moore, *Moore's Federal Practice* § 13.10[1][b] (3d ed.2004) (stating that "[w]hether claim preclusion (res judicata) would bar subsequent suit on a counterclaim (absent compulsory counterclaim rule) if not pleaded" is a factor that has been used by federal courts in the " 'same transaction or occurrence' analysis" under rule 13 of the Federal Rules of Civil Procedure); *see also* Utah R. Civ. P. 13 Compiler's Notes (stating that "[s]ubdivisions (a) to (h) of this rule are substantially similar to [r]ule 13 [of the Federal Rules of Civil Procedure]"); *Tucker v. State Farm Mut. Auto. Ins. Co.*, 2002 UT 54, ¶ 7 n. 2, 53 P.3d 947 ("Interpretations of the Federal Rules of Civil Procedure are persuasive where the Utah Rules of Civil Procedure are 'substantially similar' to the federal rules." (citations omitted)).

CONCLUSION

¶ 12 We conclude that Yanaki's claims in the instant case should have been brought as compulsory counterclaims in the first case, pursuant to rule 13(a). Therefore, we affirm the trial court's dismissal without prejudice of Yanaki's claims in the instant case.

¶ 13 WE CONCUR: NORMAN H. JACKSON and GREGORY K. ORME, Judges.