NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| APARNA VASHISHT-ROTA, an individual, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> HOWELL MANAGEMENT SERVICES, LLC, a Utah limited liability company; et al., <br><br> Defendants-Appellees. | No. 20-55302 <br><br> D.C. No. 3:19-cv-00512-L-AGS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted February 17, 2021**

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Aparna Vashisht-Rota appeals pro se the district court's judgment

dismissing her diversity action alleging employment claims under California law.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Vashisht-Rota's claims in this action as compulsory counterclaims was proper because the claims arose from the same transaction or occurrence as the claims being litigated in a pending Utah state court case, No. 170100325, *Howell Mgmt. Servs. LLC v. August Educ. Grp., et al.* *See* Utah R. Civ. P. 13(a); *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987) ("The question whether the [Plaintiff's] claims are compulsory counterclaims which should have been pleaded in the earlier. . . state court action is a question of state law."); *Yanaki v. Iomed Inc.*, 116 P.3d 962, 963-65 (Utah Ct. App. 2005) (under Utah R. Civ. P. 13(a)(1), employee's discrimination claims were compulsory counterclaims that should have been filed in employer's earlier-filed action, even if administrative remedies were not yet exhausted; the employment relationship was the transaction or occurrence that was the subject matter of the employer's claims); *see also Beck v. Fort James Corp. (In re Crown Vantage, Inc.)*, 421 F.3d 963, 973 n.7 (9th Cir. 2005) ("Federal courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action.").

We do not consider arguments or allegations raised for the first time on

20-55302

appeal, or documents and facts not presented to the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Appellees' motion to strike Vashisht-Rota's second supplemental brief (Docket Entry No. 49) is granted. The Clerk will strike Docket Entry No. 42. All other pending motions and requests are denied.

**AFFIRMED.**