2024 UT App 22

# THE UTAH COURT OF APPEALS

CLEAR CREEK DEVELOPMENT, LLC,
Appellant,
*v.*
PETERSON PIPELINE ASSOCIATION, INC.,
Appellee.

Opinion
No. 20220565-CA
Filed February 23, 2024

Second District Court, Morgan Department
The Honorable Noel S. Hyde
No. 210500049

Ryan M. Nord, Attorney for Appellant

Douglas P. Farr, Jacob D. Barney, and
Mary-Christine Sungaila, Attorneys for Appellee

JUDGE JOHN D. LUTHY authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and RYAN M. HARRIS
concurred.

LUTHY, Judge:

¶1     This case addresses some of the contours of rule 13(a) of
the Utah Rules of Civil Procedure, which governs compulsory
counterclaims. In a prior lawsuit, Peterson Pipeline Association,
Inc. (Peterson Pipeline) brought a number of claims against Clear
Creek Development, LLC (Clear Creek). Clear Creek asserted no
counterclaims in that lawsuit, and eventually Peterson Pipeline's
claims were dismissed without prejudice.

¶2     Clear Creek then initiated this lawsuit, asserting claims
that arise from the same transaction that gave rise to Peterson
Pipeline's claims in the prior lawsuit. Peterson Pipeline moved for
dismissal of Clear Creek's claims, arguing that because they arise

from the same transaction that gave rise to Peterson Pipeline's claims in the prior lawsuit, Clear Creek's claims were compulsory counterclaims in the prior lawsuit and rule 13(a) bars their assertion here. The district court agreed and dismissed Clear Creek's claims. Clear Creek now appeals.

¶3     We conclude that when Peterson Pipeline's claims in the prior lawsuit were dismissed *without prejudice*, Clear Creek's once-compulsory counterclaims became compulsory no more and that Clear Creek was therefore free to bring those claims in this action. Accordingly, we reverse.

BACKGROUND

*The Previous Litigation*

¶4     Peterson Pipeline is a public water supplier that "distributes culinary water and fire suppression water to its members." Clear Creek is a company involved in residential building construction. Having received representations from Peterson Pipeline that it was willing to provide water service, Clear Creek installed infrastructure to connect a subdivision it was building to Peterson Pipeline's water system, with an alleged understanding that Clear Creek or the lot owners in the subdivision would pay a "$15,000 per lot [Peterson Pipeline] membership fee if they wanted to use [Peterson Pipeline's] infrastructure for culinary and fire suppression water." Subsequently, the lot owners were allegedly "unable to agree on whether to pay the $15,000 membership fee."

¶5     Thereafter, without any membership fees having been paid and apparently in order to meet code requirements for obtaining certificates of occupancy, Clear Creek allegedly turned on the valves connecting its subdivision to Peterson Pipeline's water system and pressurized the pipes in the subdivision. In response to this alleged use of its water system without authorization,

Peterson Pipeline filed a lawsuit against Clear Creek, asserting claims for conversion, unjust enrichment, and interference with water rights. At the same time, Peterson Pipeline also filed a motion for a preliminary injunction to prevent Clear Creek from accessing Peterson Pipeline's water system as the case proceeded. The district court granted the injunction. Clear Creek then filed an answer to Peterson Pipeline's complaint; it did not assert any counterclaims.

¶6 Over the course of the next year, the parties "engaged in extensive settlement discussions" but did not reach a settlement agreement. They then jointly submitted a stipulated request to extend fact discovery. The court granted that request in an order that also included the following provision: "Defendants have leave to file a counterclaim if they elect to do so within 14 days of entry of this order." Again, Clear Creek did not assert any counterclaims.

¶7 The following month, Peterson Pipeline moved to dismiss its complaint without prejudice, explaining, "While [Peterson Pipeline] believes it was damaged by [Clear Creek's] actions, the [preliminary injunction] prevented additional damage and [Peterson Pipeline] has opted not to pursue its other claims at this point." Clear Creek opposed the motion, arguing that dismissal should be denied or, alternatively, that any dismissal should be with prejudice. In support of its objection, Clear Creek observed that the parties had engaged in "more than a year of litigation," that the case was "more or less prepared for trial," and that dismissing Peterson Pipeline's claims without prejudice would leave Peterson Pipeline free to "subject [Clear Creek] to further litigation on the same matters after having [already had] a full and fair opportunity to discover its claims and to pursue this matter." The court was "unpersuaded" by Clear Creek's objection and granted the dismissal of Peterson Pipeline's claims without prejudice.

*The Instant Case*

¶8   Within two months of the dismissal of Peterson Pipeline's lawsuit, Clear Creek filed this action, asserting claims of fraud and breach of contract against Peterson Pipeline stemming from the same circumstances that had given rise to Peterson Pipeline's claims in the prior lawsuit—the subdivision's connection to and use of Peterson Pipeline's water system. Specifically, Clear Creek alleged, among other things, that Peterson Pipeline had agreed to provide water service for at least one of the lots in the subdivision but later, after Clear Creek incurred significant infrastructure expenses, refused to provide water service to any lots unless all lot owners agreed to a land use restriction prohibiting the construction of wells on their lots.

¶9   Peterson Pipeline moved to dismiss Clear Creek's complaint. Peterson Pipeline argued that because Clear Creek's claims "arise from the same operative facts and the same transaction" as did Peterson Pipeline's claims in the previous case, Clear Creek's claims had been compulsory counterclaims under rule 13(a) of the Utah Rules of Civil Procedure in the previous case and, as such, could not be asserted in this case.

¶10   Clear Creek opposed the motion, contending that its claims had not been compulsory counterclaims in the previous case and that, even if they were, rule 13(a) did not bar them. Clear Creek observed that while rule 13(a) defines compulsory counterclaims, it sets forth no specific remedy for when a defendant fails to file a compulsory counterclaim in an initial lawsuit and then later pursues the claim in a separate lawsuit. On that basis, Clear Creek asserted that any preclusion of an initially unpled counterclaim subsequently raised in separate litigation must be through application of the doctrine of claim preclusion, which prohibits the relitigation of claims that could have been brought in a previous action only when "the first suit . . . resulted in a final judgment on the merits." *Macris & Assocs. v. Neways, Inc.*, 2000 UT

93, ¶ 20, 16 P.3d 1214 (cleaned up). Because there was no final judgment on the merits in the previous case, Clear Creek contended that "there is no basis under [r]ule 13 to dismiss" its claims here.

¶11 After a hearing on the matter, the district court granted Peterson Pipeline's motion to dismiss. In its written order, the court rejected Clear Creek's view that rule 13(a) provides no independent remedy for a party's failure to file a compulsory counterclaim, reasoning that although "no express remedy appears in the language of [r]ule 13 itself, such a remedy does appear in case law." The court further determined that "a [r]ule 13(a) analysis focuses on whether a party *waived* its claims by failing to bring them as counterclaims in a prior action," not on whether the party's claims were "previously . . . *adjudicated*" under "a claim preclusion analysis." The court then concluded that because Clear Creek's claims in this lawsuit "arise out of the same transaction or occurrence as [Peterson Pipeline's] claims in the prior lawsuit," Clear Creek's claims were compulsory counterclaims in the prior action and were waived when Clear Creek did not bring them in the prior action. On that basis, the court dismissed Clear Creek's claims with prejudice. Clear Creek now appeals.

## ISSUE AND STANDARD OF REVIEW

¶12 Clear Creek contends that the district court erroneously dismissed its claims under an incorrect application of rule 13(a) of the Utah Rules of Civil Procedure. "A ruling on a motion to dismiss presents a legal question that we review for correctness, affording no deference to the district court's decision." *Turner v. Staker & Parson Cos.*, 2012 UT 30, ¶ 7, 284 P.3d 600. Likewise, "the district court's interpretations of rules of procedure are questions of law reviewed for correctness." *Simler v. Chilel*, 2016 UT 23, ¶ 9, 379 P.3d 1195 (cleaned up).

ANALYSIS

¶13   Clear Creek first asserts that the district court erred by determining that rule 13(a) of the Utah Rules of Civil Procedure provides an independent remedy when a party fails to assert a compulsory counterclaim.[1] Specifically, Clear Creek argues that rule 13(a) "merely informs, from a procedural standpoint, when a claim is compulsory" and that whether an unpled compulsory counterclaim is barred in subsequent litigation depends on "a substantive res judicata analysis (claim preclusion)." We disagree that rule 13(a) does not provide an independent remedy for a party's failure to assert a compulsory counterclaim. However, we conclude that claim preclusion principles undergird rule 13(a) and, thus, that a counterclaim arising from the same transaction as a plaintiff's claims ceases to be compulsory if the plaintiff's claims are dismissed without prejudice before a final adjudication on the merits.

¶14   When interpreting court rules, "our primary goal is to evince the true intent and purpose of the rule-making body and to render all parts of the rule relevant and meaningful." *Cox v. Krammer*, 2003 UT App 264, ¶ 10, 76 P.3d 184 (cleaned up). Rule 13 states in relevant part,

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

---

1. Clear Creek does not challenge the district court's determination that Clear Creek's claims "arise out of the same transaction or occurrence as [Peterson Pipeline's] claims in the prior lawsuit."

Utah R. Civ. P. 13(a)(1).[2] Were we to interpret rule 13(a) as merely procedurally informative but providing no independent authority for barring an unpled counterclaim from being subsequently asserted in separate litigation, we would have to read the word "must" out of the rule, which would render the rule of no meaningful effect. *See* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1417 (3d ed. 2010) (stating as to the identically worded federal rule 13(a) that "[a] failure to plead a compulsory counterclaim bars a party from bringing a later independent action on that claim" and recognizing that "a contrary result would destroy the effectiveness of [r]ule 13(a)"). We are unwilling to do this. The counterclaims addressed by rule 13(a) could hardly be called "compulsory" if the rule provided no consequence for failing to comply with its mandate.

¶15 Our conclusion that rule 13(a) provides independent authority for barring the subsequent litigation of compulsory counterclaims that were unpled in prior litigation is supported by Utah case law, which has repeatedly and consistently relied on rule 13(a) alone to bar subsequent and separate litigation of claims that qualified in previous litigation as compulsory counterclaims under the rule. *See, e.g.*, *Raile Family Trust ex rel. Raile v. Promax Dev. Corp.*, 2001 UT 40, ¶ 12, 24 P.3d 980 (relying on rule 13(a) alone to uphold the dismissal of a plaintiff's claim that was not asserted as a counterclaim in previous litigation arising out of the same transaction); *Kimball v. Campbell*, 699 P.2d 714, 716 (Utah 1985) (relying on rule 13(a) to deny a request for a remand to allow the defendant to pursue a counterclaim that he had failed to assert prior to entry of judgment on the plaintiff's claim); *Todaro v. Gardner*, 285 P.2d 839, 842 (Utah 1955) (quoting rule 13 and stating that "[u]nder similar antecedent statutes, it has been held that a counterclaim not presented to the court on a matter involving the

---

2. The next subsection of the rule provides two exceptions to this requirement, but neither exception applies here. *See* Utah R. Civ. P. 13(a)(2).

same transaction is forever barred"); *Yanaki v. Iomed, Inc.*, 2005 UT App 239, ¶¶ 2–5, 12, 116 P.3d 962 (affirming the trial court's dismissal of the plaintiff's claims "under rule 13(a)" because they qualified as compulsory counterclaims under that rule in still-pending litigation previously commenced by the opposing party).

¶16    In short, the district court was correct in concluding that rule 13(a) independently provides a remedy for when a party fails to bring a compulsory counterclaim.

¶17    Importantly, however, our conclusion that rule 13(a) independently provides a remedy for when a party fails to bring a compulsory counterclaim does not answer the question of whether a particular claim qualifies as a compulsory counterclaim at a particular time. In this regard, Clear Creek argues that the principles of claim preclusion should apply to a rule 13(a) analysis in any event. Specifically, Clear Creek asserts that even if its claims here were initially compulsory counterclaims in the previous litigation, because Peterson Pipeline's claims in the previous litigation were dismissed without prejudice—yielding "no final judgment on the merits"—there is "no basis under [r]ule 13 to dismiss Clear Creek's claims." *See generally Macris & Assocs. v. Neways, Inc.*, 2000 UT 93, ¶ 20, 16 P.3d 1214 ("In order for claim preclusion to bar a subsequent cause of action, a plaintiff must satisfy three requirements: First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action. *Third, the first suit must have resulted in a final judgment on the merits*." (emphasis added) (cleaned up)). On this point, we agree with Clear Creek.

¶18    This court has previously observed a relationship between the principles of claim preclusion and rule 13(a). In *Yanaki v. Iomed, Inc.*, 2005 UT App 239, 116 P.3d 962, while analyzing whether for purposes of rule 13(a) the plaintiff's claims arose from

the same "transaction or occurrence" as claims the parties had litigated previously, we affirmed that "[c]laim preclusion is a concept closely related to compulsory counterclaims[] and has been used by federal courts in analyzing whether a particular claim arises from the same transaction or occurrence." *Id.* ¶ 10 n.2 (cleaned up). We then resolved the rule 13(a) issue by applying the reasoning of a "factually similar" Tenth Circuit case, even though the federal court did not mention rule 13(a) and instead "based its decision on the doctrine of claim preclusion." *Id.* ¶ 10 (discussing *Wilkes v. Wyoming Dep't of Emp. Div. of Labor Standards*, 314 F.3d 501 (10th Cir. 2002)). While the rule 13(a) issue here is different from the rule 13(a) issue in *Yanaki*, we see no reason for restricting the relationship between compulsory counterclaims and the principles of claim preclusion to the issue we addressed in *Yanaki*.

¶19 Indeed, the drafters of federal rule 13(a), upon which Utah's identically worded rule 13(a) is presumably based, *compare* Utah R. Civ. P. 13(a), *with* Fed. R. Civ. P. 13(a), expressly indicated that the rule's inherent remedy would apply when the prior action "proceeds to judgment," Fed. R. Civ. P. 13 advisory committee's note 7 to 1937 adoption ("If the action *proceeds to judgment* without the interposition of a counterclaim as required by subdivision (a) of this rule, the counterclaim is barred." (emphasis added)). And "[c]onsidering the [federal] cases that have dealt with the problem of the omitted counterclaim as a group, most of the courts, but not all, have spoken in terms of 'res judicata' preventing the later assertion of the claim." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1417 (3d ed. 2010) (citing cases). We find the weight of this authority to be persuasive. *See generally Tucker v. State Farm Mutual Auto. Ins.*, 2002 UT 54, ¶ 7 n.2, 53 P.3d 947 ("Interpretations of the Federal Rules of Civil Procedure are persuasive where the Utah Rules of Civil Procedure are substantially similar to the federal rules." (cleaned up)).

¶20     Moreover, an interpretation of rule 13(a) that grounds it in the principles of claim preclusion best serves the purpose of the rule, which is one of judicial economy that is largely similar to the purposes behind the doctrine of claim preclusion, *compare Raile Family Trust ex rel. Raile v. Promax Dev. Corp.*, 2001 UT 40, ¶ 12, 24 P.3d 980 ("The purpose of rule 13(a) is to ensure that all relevant claims arising out of a given transaction are litigated in the same action."), *with Daz Mgmt., LLC v. Honnen Equip. Co.*, 2022 UT 15, ¶ 20, 508 P.3d 84 ("The [claim preclusion] doctrine fulfills several important purposes, including . . . promoting judicial economy by preventing previously litigated issues from being relitigated . . . ." (cleaned up)). In this regard, it is notable that in *Nu-Med USA, Inc. v. 4Life Research, LC,* 2008 UT 50, 190 P.3d 1264, our supreme court focused on the judicial economy purpose of rule 13(a) to hold that claims that had once been compulsory counterclaims under rule 13(a) could be pursued in subsequent litigation where those counterclaims had been dismissed without prejudice in the prior litigation. *Id.* ¶¶ 9–18.

¶21     In *Nu-Med*, Nu-Med USA, Inc. (Nu-Med) filed claims in state court against 4Life Research, LC (4Life) that had been compulsory counterclaims in prior litigation that 4Life had brought against Nu-Med in federal court. *Id.* ¶¶ 1–2. In the federal litigation, 4Life's claims against Nu-Med were resolved on summary judgment, after which the federal court approved the voluntary dismissal without prejudice of Nu-Med's compulsory counterclaims against 4Life. *Id.* ¶ 3. When Nu-Med later filed those same claims in a subsequent state court proceeding, the district court granted summary judgment against Nu-Med by applying Utah's rule 13(a), reasoning that "the claims should be dismissed as 'compulsory counterclaims' that could only have been litigated, if at all, in the federal case." *Id.* ¶¶ 1, 4.

¶22     On appeal, our supreme court considered whether rule 13(a) supported the lower court's determination that Nu-Med's failure to continue pursuing its claims in federal court prohibited

its later assertion of those claims in state court. *Id.* ¶ 10. The supreme court observed that rule 13(a)'s requirement to simultaneously litigate all claims arising from a single transaction "serves judicial economy, because litigating claims arising out of the same transaction separately duplicates party efforts and wastes judicial resources." *Id.* ¶ 15. The court also recognized, however, that "judicial economy ceases to present the same concern for counterclaims the moment the underlying claims of the opposing party are resolved permanently and without appeal." *Id.* ¶ 16. In such a situation, "[t]here is no efficiency to be gained by compelling litigation of claims that are no longer being simultaneously litigated with an opposing party's claims." *Id.* Based on this reasoning, the court allowed Nu-Med to pursue in a separate and subsequent action its claims that had once been compulsory counterclaims in the prior case, holding that they were "no longer compulsory under rule 13." *Id.* ¶ 20.

¶23 Although the procedural facts in our case are somewhat different from those in *Nu-Med*, that case's discussion of and emphasis on judicial economy when interpreting rule 13(a) is relevant here. Similar to the situation in *Nu-Med*, where no judicial efficiency could have been "gained by compelling litigation of claims that [were] no longer being simultaneously litigated with an opposing party's claims," *id.* ¶ 16, when Peterson Pipeline's claims in the original lawsuit were voluntarily dismissed prior to trial, judicial efficiency would not have been served by requiring Clear Creek to continue litigating its claims in that case. In fact, because Peterson Pipeline's claims were dismissed without prejudice and could potentially be brought again in a separate case at some future point, requiring Clear Creek to have raised and pursued its claims to a conclusion in the prior action would *preclude*, rather than facilitate, the simultaneous litigation, in the same case, of two sets of claims arising from the same transaction.

¶24 In sum, allowing a party in the position of Peterson Pipeline to temporarily pause its claims but retain the opportunity

to pursue them in the future, while at the same time requiring a party in Clear Creek's position to litigate its claims only in the initial action or be forever barred would be squarely at odds with the judicial economy purpose of rule 13(a). On the other hand, allowing *both* parties the option to bring their claims anew in a subsequent action is more in harmony with the purposes of the rule and is certainly the more just outcome. As with our supreme court in *Nu-Med*, we eschew a result at odds with the rule's plain purpose and, instead, conclude that the dismissal without prejudice of Peterson Pipeline's claims in the prior lawsuit rendered Clear Creek's claims "no longer compulsory under rule 13." *Id.* ¶ 20. Stated more generally, we hold that claim preclusion principles undergird the application of rule 13(a) and, therefore, that when a previous lawsuit has concluded without a final judgment on the merits, rule 13(a) does not prevent the later assertion of what otherwise would have been compulsory counterclaims in the prior action.

¶25 Peterson Pipeline pushes back, arguing that our decision should be based on principles of waiver, not on principles of claim preclusion. "Waiver is the intentional relinquishment of a known right." *Moler v. CW Mgmt. Corp.*, 2008 UT 46, ¶ 17, 190 P.3d 1250. "To establish waiver, [the party asserting waiver] must show that the [other party] had (1) an existing right, (2) knowledge of its existence, and (3) an intent to relinquish the right." *Id.* Peterson Pipeline asserts that "Clear Creek waived its right to bring its claims in this case" by "fail[ing] to amend its answer" in the prior case before the stipulated "deadline" for pleading counterclaims.

¶26 Admittedly, some Utah opinions applying rule 13(a) as a bar to the subsequent litigation of a previously unpled compulsory counterclaim have invoked the term "waiver" (though none of them have articulated or expressly applied the elements of waiver). *See Raile Family Trust ex rel. Raile v. Promax Dev. Corp.*, 2001 UT 40, ¶ 12, 24 P.3d 980 (stating that because the plaintiffs "failed to raise available counterclaims" in a prior case,

"they have waived the right to raise those same claims in a separate action"); *Kimball v. Campbell*, 699 P.2d 714, 716 (Utah 1985) (stating that a party's "failure to file a counterclaim [in prior litigation] resulted in a waiver"); *Mark VII Fin. Consultants Corp. v. Smedley*, 792 P.2d 130, 132 (Utah Ct. App. 1990) ("If the counterclaim arises from the same transaction as [the] plaintiff's claim, then the defendant must plead it as a compulsory counterclaim under rule 13(a) or waive the right to recover on it."). Certainly, if a case *proceeds to a final judgment* without a defendant attempting to raise a compulsory counterclaim, the defendant's actions would satisfy the waiver requirements. That is, we could infer from such total inaction an intention to relinquish a known right. However, the problem with applying a waiver analysis to a case like the one before us, where the claims in the prior action did not proceed to a final judgment, is that it is difficult to infer a moment at which the potential counterclaimant intended to relinquish its claims.

¶27 This case illustrates the problem. Although the court in the previous litigation gave Clear Creek a fourteen-day window during which it could raise counterclaims, the reality is that Clear Creek's opportunity to amend its answer was not entirely foreclosed at the end of those fourteen days. Under rule 15 of the Utah Rules of Civil Procedure, the district court has discretion to permit the belated amendment of a pleading and "should freely give [such] permission when justice requires." Utah R. Civ. P. 15(a)(2); *see also Daniels v. Gamma West Brachytherapy, LLC*, 2009 UT 66, ¶ 58, 221 P.3d 256 ("Trial courts should liberally allow amendments unless the amendments include untimely, unjustified, and prejudicial factors."). Thus, there is no "extreme last moment at which a compulsory counterclaim can be filed." *Landers v. Smith*, 379 S.W.2d 884, 887–88 (Mo. Ct. App. 1964). Moreover, because Clear Creek contended in the previous lawsuit that Peterson Pipeline's claims should be dismissed, if at all, only with prejudice, we cannot infer from Clear Creek's conduct an intent to relinquish its right to pursue its claims while Peterson

Pipeline retained the option to renew its claims later. For these reasons, we find the wavier doctrine to be problematic in cases such as this. *Cf. id.* at 886–88 (noting that Missouri courts generally "seem to hold" that "failure to plead a compulsory counterclaim" yields "a waiver of the unasserted claim," but concluding that "the bar of the compulsory counterclaim rule does not become complete, nor is the counterclaim wholly foreclosed, until the action proceeds to judgment").

¶28    Finally, Peterson Pipeline argues that our opinion in *Yanaki v. Iomed, Inc.*, 2005 UT App 239, 116 P.3d 962, "undermines Clear Creek's claim preclusion argument" because in *Yanaki* we affirmed the application of rule 13(a) to preclude unpled counterclaims from being brought in separate litigation even though the initial litigation in that case had not resulted in a "final decision on the merits." *See id.* ¶¶ 2–4, 12. Yet *Yanaki* is clearly distinguishable. The initial litigation in that case had not resulted in a final judgment on the merits because the initial case was still pending. *See id.* ¶¶ 2, 7. Thus, the *Yanaki* plaintiff's claims were not dismissed with prejudice for not having been timely raised as counterclaims in the initial litigation; instead, based on considerations of judicial economy, the plaintiff's claims were dismissed *without prejudice* so that the plaintiff could seek to include them in the already pending case, where they appropriately belonged. *See id.* ¶ 7 ("Requiring [the plaintiff] to bring his claims from the instant case as counterclaims in the first case will ensure that all the relevant claims arising out of his employment relationship . . . will be litigated in the same action."); *see also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1417 (3d ed. 2010) ("These cases [where prior litigation is still pending] may be resolved easily . . . since it is not too late for the erring pleader to seek to have the suits consolidated or to seek leave to amend the answer to plead the claim as an omitted counterclaim." (footnote omitted)). Hence, *Yanaki* does not require an outcome contrary to the holding we have articulated above.

CONCLUSION

¶29    The district court correctly concluded that rule 13(a) of the Utah Rules of Civil Procedure provides an independent remedy for a party's failure to file a compulsory counterclaim. The court erred, however, in concluding that rule 13(a)'s remedy was appropriate here. When Peterson Pipeline's claims were dismissed without prejudice in the previous lawsuit, Clear Creek's potential counterclaims in that action were no longer compulsory and should not have been dismissed under rule 13(a) when they were later asserted in a separate suit. Accordingly, we reverse the district court's dismissal of Clear Creek's claims and remand the case for further proceedings.

———————